METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD., L.L.P. d/b/a Methodist Specialty and Transplant Hospital, Appellant

v.

Mauricio MARTINEZ–PARTIDO, Appellee.

No. 04–05–00868–CV.

Court of Appeals of Texas, San Antonio.

June 14, 2006.

Christopher J. Deeves and Lucretia R. Marmor, Ball & Weed, P.C., San Antonio, for Appellant.

Terry "Ty" Wesley Baker, Baker Law Office, Geronimo, W. Richard Wagner, Patterson & Wagner, L.L.P., San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, PHYLIS SPEEDLIN, Justice.

## MEMORANDUM OPINION

Opinion by SARAH B. DUNCAN, Justice.

Methodist Healthcare System of San Antonio, Ltd., L.L.P. d/b/a Methodist Specialty and Transplant Hospital appeals the trial court's order denying Methodist's motion to dismiss the lawsuit filed by Mauricio Martinez–Partido because Martinez–Partido failed to timely serve a report by a qualified expert. We hold this Court is vested with jurisdiction over Methodist's appeal, reverse the trial court's order, and render judgment dismissing Martinez–Partido's claims against Methodist with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Martinez–Partido presented at Methodist Specialty and Transplant Hospital's emergency room with urinary retention. He later filed suit alleging he suffered personal injuries because Methodist and its employees and nurses catheterized him without first de-activating his artificial urinary sphincter. In support of his claims, Martinez–Partido served Methodist with the curriculum vitae and reports of Dr. Paul Adler and Emily Anne Benefield, R.N. Shortly thereafter, Methodist filed a motion entitled "Objections to the Sufficiency of Experts' Reports Pursuant to C.P.R.C. § 74.351(a) and (b) and Motion to Dismiss." The trial court overruled Methodist's objections and denied its motion to dismiss.

### JURISDICTION

Martinez–Partido does not address the merits of Methodist's appeal. Rather, he rests on his argument that this Court lacks jurisdiction over Methodist's appeal. We disagree.

Under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code, "[a] person may appeal ... an interlocutory order ... that ... denies all or part of the relief sought by a motion [to dismiss] under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005). Martinez–Partido argues Methodist does not appeal a motion to dismiss under section 74.351(b). In support of his argument, Martinez–Partido cites *Acad. of Oriental Med., L.L.C. v. Andra*, 173 S.W.3d 184 (Tex.App.-Austin 2005, no pet.), in which the Austin Court of Appeals held that it lacked jurisdiction over an interlocutory appeal because the defendant health care providers did not appeal either an order denying a motion seeking relief authorized by section 74.351(b) (dismissal, attorney's fees, and costs) or an order granting a motion challenging the adequacy of an expert's report pursuant to section 74.351(*l*). 173 S.W.3d at 187; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9)-(10) (Vernon Supp.2005). In doing so, however, the court expressly recognized that an expert "report can be deemed not timely filed under [section 74.351(a)] if the report is

deficient but served before the 120–day deadline." *Andra,* 173 S.W.3d at 187 n. 5 (citing Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c)). This Court recently agreed. *See Garcia v. Marichalar,* 185 S.W.3d 70, 74 (Tex.App.-San Antonio 2005, order). Subsequently, in an exercise of our interlocutory appellate jurisdiction, we held the expert reports were deficient as to Garcia and therefore reversed the trial court's order denying his motion to dismiss and remanded with instructions to render judgment in his favor. *See Garcia v. Marichalar,* 198 S.W.3d 250 (Tex.App.-San Antonio 2006, no pet. h.). So it is here. Methodist has filed an interlocutory appeal of the trial court's order denying Methodist's motion to dismiss because, it argues, the reports it received are deficient.

■ Martinez–Partido insists, however, that our jurisdiction is defeated because Methodist's motion "repeatedly invokes *§ 74.351(1)* as the basis of the objections offered." But section 74.351(*l*) *is* the proper basis for objections. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(*l*) ("A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)."). Martinez–Partido also argues that section 51.014(9) jurisdiction is lacking because Methodist's motion "nowhere complains that expert reports have not been served, that any such expert reports were untimely served, or that the expert reports should be deemed as not served under *§ 74.351(c).*" However, Methodist's motion to dismiss summarizes the deficiencies in the reports, expressly states that the reports "fail to qualify as expert reports as defined by § 74.351(r)(6) ... and should be deemed inadequate pursuant to § 74.351(*l*)," and asks that its objections

be sustained, the reports stricken, and the suit dismissed.

Citing *Greenwood v. Tillamook Country Smoker, Inc.,* 857 S.W.2d 654 (Tex.App–Houston [1st Dist.] 1993, no writ), in which the First Court of Appeals held that a dismissal order is presumed to be without prejudice unless it states the dismissal is with prejudice, *id.* at 656, Martinez–Partido next argues section 51.014(9) jurisdiction is lacking because Methodist's motion does not seek "a dismissal **with prejudice,** the only available relief authorized by *§ 74.351(b)(2).*" We disagree. Certainly *Greenwood* does not support Martinez–Partido's argument; that opinion deals with interpreting a dismissal order, not a motion. Nor is Martinez–Partido's argument supported by section 74.351(b)(2), which nowhere states that a motion seeking a dismissal but failing to expressly request a dismissal "with prejudice" is fatally deficient. Indeed, Martinez–Partido's argument promotes form over substance. Although Methodist's motion, which is entitled "Objections to the Sufficiency of Experts' Reports Pursuant to C.P.R.C. § 74.351(a) and (b) and Motion to Dismiss," does not expressly seek a dismissal "with prejudice," it does expressly seek Methodist's "statutory remedies in their entirety, pursuant to Tex. Civ. Prac. & Rem.Code § 74"; and, as Martinez–Partido recognizes, the only dismissal authorized by sections 74.351(a) and (b) is a dismissal with prejudice. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b).

Finally, Martinez–Partido argues that, because Methodist's "motion only actually complains that the expert reports are either inadequate or that the experts' credentials are inadequate," Methodist's motion is "unequivocally relegate[d] ... to that of a motion under *§ 74.351(l).*" We again disagree. As noted in the preceding paragraph, Methodist's motion expressly

seeks a dismissal; and the only dismissal authorized by sections 74.351(a) and (b) is a mandatory dismissal with prejudice. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b). Because the trial court denied a motion that obviously sought a dismissal with prejudice due to deficient expert reports pursuant to section 74.351(b), we reject Martinez–Partido's jurisdictional argument and turn to the merits of Methodist's appeal.

### DISCUSSION

Methodist argues the trial court erred in denying its motion to dismiss because neither of Martinez–Partido's experts qualifies as an "expert." We agree.

### *Applicable Law and Standard of Review*

An "expert report" is "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon Supp.2005). "[A] person may qualify as an expert witness on the issue of whether [a] health care provider departed from accepted standards of care only if the person: (1) is practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose; (2) has knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and (3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of health care." TEX. CIV. PRAC. & REM.CODE ANN. § 74.402(b) (Vernon 2005). In making this determination, "the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness: (1) is certified by a licensing agency of one or more states of the United States or a national professional certifying agency, or has other substantial training or experience, in the area of health care relevant to the claim; and (2) is actively practicing health care in rendering health care services relevant to the claim." *Id.* § 74.402(c). Except in situations not relevant here, "a person may qualify as an expert witness on the issue of the causal relationship between the alleged departure from accepted standards of care and the injury, harm, or damages claimed only if the person is a physician and is otherwise qualified to render opinions on that causal relationship under the Texas Rules of Evidence." *Id.* § 74.403(a). Rule 702 of the Texas Rules of Evidence requires that an expert be qualified "by knowledge, skill, experience, training, or education" and that the testimony "assist the trier of fact." TEX.R. EVID. 702. The burden to establish that an expert is qualified rests upon the proponent of the expert report. *Broders v. Heise*, 924 S.W.2d 148, 151–52 (Tex.1996). On appeal, we review a trial court's determination that an expert is qualified under an abuse of discretion standard. *Id.*

### *Dr. Paul M. Adler*

According to his curriculum vitae, Dr. Paul Adler is the medical director at Summit Park Hospital, Summit Park Nursing Care Center and Alzheimer's Facility, Rockland County Jail, and Rockland County New York's Department of Public Health, as well as the Ex–Chairman and

Residency Director in the Department of Emergency Medicine at Cornell Medical School at Brooklyn Hospital Center in Brooklyn, New York. According to Dr. Adler's report, the failure to de-activate Martinez–Partido's artificial urinary sphincter before he was catheterized "caused the destruction of the device and his long term urological disturbances." The report states Dr. Adler's "expert opinion [is] based upon [his] credentials, qualifications, and experience as detailed in the . . . resume/curriculum vitae" and on his review of the medical records. However, although Dr. Adler's curriculum vitae indicates he has a background in emergency medicine and was at one time certified by the American Board of Emergency Medicine, he is currently on inactive status and not certified. Nothing in the report or his curriculum vitae demonstrates Dr. Adler has any special expertise in urology or in the cause of urological injuries. Nor does the vitae indicate any familiarity with treating a patient with an artificial urinary sphincter or the effect of catheterizing without first deactivating the device. Martinez–Partido thus "did not establish that [Dr. Adler's] opinion[ ] on cause in fact would have risen above mere speculation to offer genuine assistance to the jury" and "did not establish that his expertise on the issue of cause in fact met the requisites of Rule 702." *Broders*, 924 S.W.2d at 153. We therefore hold Dr. Adler is not qualified to render an opinion on causation in this case. Accordingly, the trial court erred in considering Dr. Adler's report.

### *Emily Anne Benefield*

■ Emily Anne Benefield's report states her opinions on the standard of care for Methodist's nurses and hospital employees and their failure to meet the standard of care. According to her curriculum vitae, Emily Anne Benefield is a registered nurse, case manager, and legal consultant, as well as an author and instructor for the Certified Case Management Program at Austin Community College. From 2000 to 2004, she worked in risk management with the Texas Association of School Boards. Before that, she last worked as a nurse in the 1970s. Benefield was the director of nursing at a hospital from 1971 to 1978; however, her experience in that position involved cardiac care, intensive care, emergency room care, pediatric care, and pediatric intensive care. Nothing in Benefield's curriculum vitae indicates she was "practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose." Tex. Civ. Prac. & Rem.Code Ann. § 74.402(b)(1). We therefore hold Benefield is not qualified to render an opinion on the standard of care in this case. Accordingly, the trial court erred in considering her report.

Because Martinez–Partido failed to serve Methodist with a report from a qualified expert, we reverse the trial court's order denying Methodist's motion to dismiss and render judgment dismissing Martinez–Partido's claims against Methodist with prejudice.