Reversed and Remanded in Part and Memorandum Opinion filed September 28,
2006








Reversed and Remanded in Part and Memorandum Opinion filed
September 28, 2006.

 




 
 
 
  
 
 
 




 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01184-CV

____________

 

RANDALLS FOOD AND DRUGS, L.P., Appellant

 

V.

 

SHARON KOCUREK, Appellee

 



 

On Appeal from the 405th
Judicial District Court 

Galveston County, Texas

Trial Court Cause No. 04CV1056

 



 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal in a health-care-liability
case.  A pharmacy, one of two named defendants, challenges the trial court=s denial of its
objection to the plaintiff=s expert witness report.  Because the
witness the plaintiff designated as an expert was not qualified to offer an
expert opinion on the issue of causation, we reverse the trial court=s order as to the
pharmacy, and remand for further proceedings consistent with this opinion.








I.  Factual and Procedural Background

Appellee/plaintiff Sharon Kocurek filed a
health-care-liability claim against appellant Randalls Food and Drugs, L.P. (ARandalls@) and Dr. Paige
Carlin, seeking to recover for injuries she claims to have sustained after Randalls
allegedly mis-filled a prescription. Kocurek designated Dr. Ernest Lykissa, a
toxicologist, as an expert witness.  Kocurek provided Dr. Lykissa=s written report,
in the form of an affidavit, as well as his curriculum vitae. 

Randalls and Dr. Carlin filed joint written objections to
Dr. Lykissa=s qualifications as an expert and to the sufficiency
of Dr. Lykissa=s written report, under Texas Civil Practice and
Remedies Code sections 74.351 and 74.402.  Randalls and Dr. Carlin requested
the trial court to dismiss Kocurek=s claims against
them with prejudice under section 74.351 of the Texas Civil Practice and
Remedies Code.  Kocurek responded by submitting an amended affidavit from Dr.
Lykissa.  Randalls and Dr. Carlin filed a joint reply with an amended
affidavit.  The trial court dismissed with prejudice all claims against Dr.
Carlin under section 74.351.  In the same order, the trial court denied
Randalls= request to
dismiss Kocurek=s claims against Randalls with prejudice
under section 74.351.

II.  Issues Presented

Challenging the trial court=s order denying
its objection to Kocurek=s expert=s report, Randalls
brings this interlocutory appeal raising the following issues:

(1)     Did the trial court abuse its discretion in
denying Randalls= request that it dismiss Kocurek=s claims based on Randalls= objection to the qualifications of
Kocurek=s expert witness?

(2)     Did the trial court abuse its discretion in
denying Randalls= request that it dismiss Kocurek=s claims based on Randalls= objection to the sufficiency of
Kocurek=s expert witness= report? 








III.  Standard of Review

 

We review a trial court=s determination
that an expert is qualified under an abuse-of-discretion standard.  Broders
v. Heise, 924 S.W.2d 148, 151B52 (Tex. 1996). 
We also apply this same standard when reviewing a trial court=s decision
regarding the adequacy of an expert report.  Am. Transitional Care Cntrs. of
Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001).  Kocurek, as the
proponent of the expert, has the burden to show that the expert is qualified.  Olveda
v. Sepulveda, 141 S.W.3d 679, 682 (Tex. App.CSan Antonio 2004,
pet. filed). 

The trial court abuses its discretion if it acts
arbitrarily, unreasonably, or without reference to guiding rules or
principles.  See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). 
An abuse of discretion does not occur merely because the appellate court may
have decided a discretionary matter in a different way than the trial court.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

IV.  Analysis

To support its contention that the trial court abused its
discretion in denying its request that the trial court dismiss Kocurek=s claims under
section 74.351, Randalls essentially contends that Kocurek failed to
demonstrate that Dr. Lykissa was qualified to render an expert opinion on the
issue of causation.  Under section 74.351 of the Texas Civil Practice and Remedies
Code, a claimant, not later than the 120th day after the date a health care
liability claim is filed, must serve on each party one or more expert reports
addressing liability and causation. Tex.
Civ. Prac. & Rem.Code Ann. ' 74.351(a), (j)
(Vernon 2005).








To qualify as an expert witness who may render a report in
a suit against a health care provider, the physician preparing the report must
be qualified on the basis of training or experience to offer an expert opinion
regarding the accepted standard of medical care for the diagnosis, care, or
treatment of the illness, injury, or condition involved in the claim. Id.
' 74.402(b) (Vernon
2005).  In accordance with section 74.351(l), a trial court should grant a motion challenging the
adequacy of an expert report if the report is not an objective good faith
effort to comply with the definition of an expert report provided in subsection
(r)(6). Id. ' 74.351(1).  Subsection (r)(6) of section
74.351defines Aexpert report@ as:

a written report by an expert that provides a fair summary
of the expert=s opinions as of the date of the
report regarding applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to meet the standards,
and the causal relationship between that failure and the injury, harm, or
damages claimed.

 

Id.
' 74.351(r)(6)
(emphasis added).  Thus, the expert report must address (1) the standard of
care, (2) breach of that standard of care, and (3) causation.  Id.  The
qualifications of the expert necessary to fulfill these criteria must be found
in the expert report itself.  Am. Transitional Care Ctrs. of Tex., 46
S.W.3d at 878; Olveda, 141 S.W.3d at 683.   

To qualify as an expert witness on the issue of causation,
the physician must be qualified to render opinions on that causal relationship
under the Texas Rules of Evidence.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 74.403(a) (Vernon
2005); Longino v. Crosswhite, 183 S.W.3d 913, 917B18 (Tex. App.CTexarkana 2006, no
pet.).  An acceptable report demonstrates the expert is qualified to do so. 
Tex. Civ. Prac. & Rem. Code Ann.
' 74.351(r)(5)(B).
Subject to exceptions that do not apply in this case, section 74.403 requires
that: 

in a suit involving a health care
liability claim against a physician or health care provider, a person may
qualify as an expert witness on the issue of the causal relationship between
the alleged departure from accepted standards of care and the injury, harm, or
damages claimed only if the person is a physician and is
otherwise qualified to render opinions on that causal relationship under
the Texas Rules of Evidence.

Id.
' 74.403(a)(Vernon
2005)(emphasis added).  In section 74.401, Aphysician@ is defined as a
person who is: 








(1) licensed to practice medicine
in one or more of the states in the United States; or  (2) a graduate of
a medical school accredited by the Liaison Committee on Medical Education or
the American Osteopathic Association only if testifying as a defendant and that
testimony relates to that defendant=s standard of
care, the alleged departure from that standard of care, or the casual
relationship between the alleged departure from that standard of care and the
injury, harm, or damages claimed. 

Id.
 ' 74.401(g).  Thus,
at a minimum, to render an expert report as to causation, Dr. Lykissa, who is
not a defendant in this case,  must be licensed to practice medicine in one or
more of the states in the United States.[1]  









The expert report reflects that Dr. Lykissa has an
undergraduate degree and a master=s degree in
microbiology from California State University, and a Ph.D. in toxicology and
experimental surgery from the University of Montreal.  The expert report,
however, does not reflect that Dr. Lykissa works as a physician or is licensed
to practice medicine in any of the states of the United States.  Therefore,
under the plain language of the statute, Dr. Lykissa is not qualified to render
an expert opinion regarding causation.  See id. '' 74.401;
74.403(a); see also Methodist Healthcare Sys. of San Antonio, LTD., LLP v.
Martinez-Partido, No. 04-05-00868-CV, 2006 WL 1627844, at *3 (Tex. App.CSan Antonio June
14, 2006, no pet. h.) (concluding that although the expert previously had been
certified by the American Board of Emergency Medicine, his inactive status
coupled with a lack of specific information in either his report or his
curriculum vitae about his expertise in the specific area in question, did not
establish that his opinion Awould have risen above mere speculation to
offer genuine assistance to the jury [and] did not establish that his expertise
on the issue of cause in fact met the requisites of Rule 702@) (mem. op.) (not
designated for publication).  Thus, Kocurek failed to establish that Dr.
Lykissa was qualified to render an expert opinion on the issue of causation. 
Accordingly, we conclude that the trial court abused its discretion in denying
Randalls= request that the
trial court dismiss Kocurek=s claims against Randalls with prejudice
under section 74.351 of the Civil Practice and Remedies Code.  We sustain
Randalls= two issues on
appeal.[2]


V. Conclusion

We  reverse the trial court=s order of October
13, 2005, as to Randalls and remand with instructions to the trial court to
render judgment dismissing with prejudice Kocurek=s claims against
Randalls.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 28, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.









[1]  We note that another statutory provision, states that a Aphysician@ is defined as Aan individual licensed to practice
medicine in this state.@  Tex. Civ. Prac. & Rem.
Code Ann. ' 74.001(a)(23)(Vernon 2005)
(emphasis added). However, because there is no showing that Dr. Lykissa
is licensed in any of the states of the United States, we need not and
do not address in this case the apparent conflict between sections 74.001 and
74.401 of the Civil Practice and Remedies Code. 





[2]  Because we conclude that Dr. Lykissa was not
qualified to testify on the issue of causation, it is not necessary for this
court to reach any of the statutory arguments brought forth by the parties
regarding whether Dr. Lykissa was qualified to offer an opinion as to the
standard of care or whether any standard of care was breached.