COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-250-CV

 

 

SHARAD JAIN, M.D. AND                                                   APPELLANTS

TRIAD-DENTON HOSPITAL,
L.P.

d/b/a DENTON COMMUNITY 

HOSPITAL                                                                                          

 

                                                   V.

 

DOROTHY STAFFORD,                                                            APPELLEE

AS REPRESENTATIVE OF 

THE ESTATE OF JACK STAFFORD,


DECEASED                                     

 

------------

 

FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

------------

 

OPINION

 

------------

I.  Introduction








The sole issue before us is whether we possess
jurisdiction over an interlocutory appeal from a trial court=s order
denying a defendant=s motion to dismiss when the
basis of the dismissal motion is the alleged inadequacy of an expert report
under section 74.351 of the civil practice and remedies code.[1]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351
(Vernon Supp. 2006).  Because no
statutory provision exists giving us jurisdiction over such an appeal, we hold
that we lack jurisdiction.  Accordingly,
we dismiss this appeal. 

II.  Factual and Procedural Background

Appellee Dorothy Stafford, as representative of
the estate of Jack Stafford, deceased, brought a health care liability claim
against Appellant Triad-Denton Hosital, L.P. d/b/a Denton Community Hospital
and others.  Appellee timely filed the
expert reports of Victoria Berry, R.N., and J.A. Coffey Jr., M.D.  The Hospital filed a short, two-page AMotion
to Dismiss Pursuant to CPRC '74.351.@   The motion to dismiss alleged that the
reports did Anot represent an objective good
faith effort to comply with the definition of an expert report in the Texas
Civil Practice & Remedies Code '
74.351(r)(6)@ and that A[b]ecause
of their gross insufficiencies, they [the reports] do not constitute >expert
reports=
required by CPRC ' 74.351 entitling Defendant to
dismissal pursuant to ' 74.351(b).@  The motion to dismiss identified no specific
purported deficiencies in the reports and stated no other grounds for
dismissal.  After a hearing, the trial
court denied the motion.       








The Hospital attempts to appeal the trial court=s order
denying its motion to dismiss.  Dorothy
has filed a motion to dismiss in our court, alleging that we lack jurisdiction
over an interlocutory appeal of an order denying a motion to dismiss that is
based on alleged inadequacy of a section 74.351 expert report.[2]

III.  Interlocutory Appeal?

An appellate court has jurisdiction to hear
appeals from interlocutory orders and judgments only when specifically
authorized by statute.  Qwest Commc=ns Corp.
v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Fort Worth
Star‑Telegram v. Street, 61 S.W.3d 704, 707‑08 (Tex. App.CFort
Worth 2001, pet. denied).  A statute
authorizing interlocutory appeals is strictly construed because it is an
exception to the general rule that only a final judgment is appealable.  Tex. Dep=t of
Transp. v. City of Sunset Valley, 8 S.W.3d 727, 730 (Tex. App.CAustin
1999, no pet.).  








Texas Civil Practice and Remedies Code section
51.014 authorizes interlocutory appeals of two types of orders concerning
expert reports in health care liability claims. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(a)(9), (10) (Vernon
Supp. 2006); Acad. of Oriental Med. v. Andra, 173 S.W.3d 184, 185 (Tex.
App.CAustin
2005, no pet.).  The statute authorizes
an interlocutory appeal from an order that Adenies
all or part of the relief sought by a motion under Section 74.351(b)@ and from
an order that Agrants relief sought by a motion
under Section 74.351(l).@  Tex.
Civ. Prac. & Rem. Code Ann. 

'
51.014(a)(9), (10).

We next examine Texas Civil Practice and Remedies
Code subsections 74.351(b) and (l) to juxtapose them with the quoted
language of subsections 51.014(a)(9) and (10) that statutorily authorizes two
types of interlocutory appeals from orders concerning expert reports in
healthcare liability claim suits. 
Section 74.351(b) is applicable when Aan
expert report has not been served@ within
the required period of time.  Tex. Civ. Prac. & Rem. Code Ann. 

'
74.351(b).  In such a circumstance, the
defendant is entitled to dismissal of the asserted healthcare liability claim
with prejudice and to recover attorney=s
fees.  Id.  A trial court order denying any of this
relief may be challenged by an interlocutory appeal.  Id. at '
51.014(a)(9); Oak Park, Inc. v. Harrison, No. 11-05-00298-CV, 2006 WL
2620904, at *8 (Tex. App.CEastland, Sep. 14, 2006, no pet.
h.) (permitting interlocutory appeal from order denying defendant=s motion
to dismiss based on plaintiff=s
failure to serve an expert report); NCED Mental Health, Inc. v. Kidd,
No. 08-05-00270-CV, 2006 WL 2080674, at *1 (Tex. App.CEl Paso,
July 27, 2006, no pet. h.) (same); Pro Path Servs. L.L.P. v. Koch, 192
S.W.3d 667, 672 (Tex. App.CDallas
2006, pet. filed) (same).








Section 74.351(l) requires a trial court
to grant a motion contesting the adequacy of an expert report only if it
appears to the court that the report does not represent an objective good faith
effort to comply with the definition of an expert report.  Tex.
Civ. Prac. & Rem. Code Ann. '74.351(l)
(Vernon Supp. 2006).  The language of the
statutory provision authorizing this type of interlocutory appealCsection
51.014(a)(10)Ccreates an interlocutory appeal
only from an order that grants relief sought by a motion under section
74.351(l).  Id. at '
51.014(a)(10).  Thus, a trial court order
granting relief under section 74.351(l) is challengeable via an
interlocutory appeal, but a trial court order denying relief under that
section is not.  Id.; Lewis v.
Funderburk, 191 S.W.3d 756, 760 (Tex. App.CWaco
2006, pet. filed) (holding appellate court lacked jurisdiction over attempted
interlocutory appeal from order denying relief under section 74.351(l));
Acad. of Oriental Med., 173 S.W.3d at 185 (same). But see Methodist
Healthcare Sys. v. Martinez-Partido, No. 04-05-00868-CV, 2006 WL 1627844,
at *2-3 (Tex. App.CSan Antonio, June 14, 2006, pet.
filed) (holding, despite introductory language in section 74.351(b) explaining
that the section is only applicable A[i]f . .
. an expert report has not been filed[,]@ that
any order denying an inadequate-expert-report dismissal motion is appealable
pursuant to section 51.014(a)(9) even when expert report is timely filed).  








The order that the Hospital attempts to challenge
in this interlocutory appeal is an order denying the hospital=s motion
to dismiss based on the alleged inadequacies of the expert reports of Victoria
Berry, R.N. and J.A. Coffey Jr., M.D. 
The motion does not allege that the reports were untimely filed. Because
the order that the Hospital attempts to appeal is neither an order that denies
relief despite the lack of timely filed expert reportsCa
section 74.351(b) order made appealable by section 51.014(a)(9)Cnor an
order granting relief based on the trial court=s
determination that an expert report was not a good faith effort to comply with
the definition of an expert reportCa
section 74.351(l) order made appealable by section 51.014(a)(10)Cwe lack
jurisdiction over this appeal.  Absent a
statutory provision authorizing an interlocutory appeal, we possess
jurisdiction over only final judgments.

IV.  Conclusion

For these reasons, we grant Dorothy=s motion
to dismiss the appeal brought by Triad-Denton Hospital, L.P. d/b/a Denton
Community Hospital and we dismiss that appeal for want of jurisdiction.  The pending appeal of Sharad Jain, M.D. is
severed out of this appeal into cause number 2-06-450-CV.  Hereafter, the appeal in that case shall be
styled, ANo.
2-06-450-CV, Sharad Jain, M.D. v. Dorothy Stafford, as Representative of the
Estate of Jack Stafford, Deceased.@ 

 

SUE
WALKER

JUSTICE

 

PANEL D: CAYCE, C.J.;
WALKER and MCCOY, JJ.

 

DELIVERED: December 14,
2006

           











[1]All statutory references
herein are to the civil practice and remedies code. 





[2]Appellee has not moved to
dismiss Dr. Jain=s appeal and we do not
herein address Dr. Jain=s appeal of the trial
court=s separate order denying
his motion to dismiss Appellee=s health care liability claim; Dr. Jain=s motion to dismiss
asserts that the affidavits of Dr. Coffey, M.D. and of Dr. Donald M. Marks,
M.D. were not timely served on Dr. Jain.