**Rory LEWIS, M.D., Appellant**

v.

**Dewayne FUNDERBURK, as next Friend of Whitney Funderburk, Appellee.**

**No. 10–05–00197–CV.**

Court of Appeals of Texas, Waco.

April 5, 2006.

Rehearing Overruled May 9, 2006.

Andrew F. MacRae, Hull Hendricks & MacRae LLP, Austin, for Rory Lewis, M.D.

Amy Grubbs Thomas, The Law Offices of Amy Thomas, Mexia, for Dewayne Funderburk and Whitney Funderburk.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Dewayne Funderburk filed a medical malpractice suit against Rory Lewis alleging that Lewis improperly treated his daughter's fractured wrist. The court denied Lewis's motion to dismiss premised on Funderburk's failure to serve an expert report on Lewis within 120 days after the filing of suit. Lewis appeals the denial of the dismissal motion along with subsequent rulings of the court. Because Lewis's notice of appeal is untimely with regard to the dismissal issue and because this Court does not have jurisdiction to address the other issues presented, we will dismiss the appeal for want of jurisdiction.

## Background

Funderburk filed suit on December 22, 2003. The 120–day statutory deadline for Funderburk to serve an expert report on Lewis was April 20, 2004. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (Vernon 2005). Lewis filed a motion to dismiss on June 28, 2004. *Id.* § 74.351(b) (Vernon 2005). The court heard the motion to dismiss on September 30, 2004. At the hearing, the court denied Lewis's motion to dismiss and granted Funderburk's motion for a 30–day extension. *Id.* § 74.351(c) (Vernon 2005). The court signed its order memorializing these rulings on October 29, 2004.

Funderburk served an expert report on Lewis on October 29. Lewis responded on November 12 with: (1) a "Second Motion to Dismiss" alleging that the expert preparing the October 29 report is not qualified and that his report is otherwise inadequate; (2) a "Motion for Reconsideration" of the prior ruling on Lewis's first dismissal motion; and (3) an "Objection to the Sufficiency of Plaintiff's Expert Report" contending that the expert preparing the October 29 report is not qualified and that his report is otherwise inadequate.

The court heard Lewis's motions on February 4, 2005 and took them under advisement. The court signed a written order on March 28, 2005 denying the motions. Lewis filed a notice of appeal on April 12, 2005.

## Issues Presented

Lewis contends in six issues[1] that: (1) the court abused its discretion by granting Funderburk a thirty-day extension because no expert report had been served within the 120–day period mandated by section 74.351(a); (2) the court abused its discretion by granting a thirty-day extension because the "report" which Funderburk contends was his initial expert report[2] did not put Lewis on notice of the claims against him; (3) the court abused its discretion by permitting Funderburk to cure deficiencies in this initial expert report with an expert report prepared by a different physician; (4) the court abused its discretion by denying Lewis's second dismissal motion premised on the qualifications of Funderburk's expert; (5) the court abused its discretion by denying Lewis's second dismissal motion premised on the alleged inadequacies of Funderburk's expert report; and (6) the court abused its discretion by denying Lewis's request for attorney's fees.

## Section 74.351

In 2003, the 78th Legislature rewrote the medical malpractice laws found in the Medical Liability and Insurance Improvement Act (former article 4590i) and recodified them under Chapter 74 of the Civil Practice and Remedies Code. *See* George C. Hanks, Jr. & Rachel Polinger–Hyman, *Redefining the Battlefield: Expert Reports in Medical Malpractice Litigation After HB 4*, 67 Tex. B.J. 936, 936 (2004). Section 74.351 governs the expert report(s) which the plaintiff in a medical malpractice case must serve on each physician or health care provider named as a defendant within

---

**1.** These six issues are those listed in the table of contents and presented in the body of Lewis's brief. *See* Tex.R.App. P. 38.1(b). The issues are posited somewhat differently in the "Statement of Issues Presented" on page viii of his brief. *Id.* 38.1(e).

**2.** At the September 2004 hearing, Funderburk's counsel argued that she had in fact secured an expert report from a physician and served it on Lewis via discovery. This purported initial "expert report" is a letter from one physician to another briefly reviewing the history of Funderburk's injury and treatment and thanking him for the referral.

120 days after the suit is filed. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon 2005).

Section 74.351 has several provisions pertinent to this appeal, including the following:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120–day deadline has passed, then the 30–day extension shall run from the date the plaintiff first received the notice.

. . . .

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

. . . .

(r) In this section:

. . . .

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(a)-(c), (*l*), (r)(6).

### Scope of Interlocutory Appeal

Section 51.014 of the Civil Practice and Remedies Code prescribes the rulings under section 74.351 which may be reviewed by interlocutory appeal. Section 51.014 provides in pertinent part that an interlocutory appeal may be brought from an order that:

- "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;" or

- "grants relief sought by a motion under Section 74.351(*l*)."

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9), (10) (Vernon Supp.2005).

▉ Thus, a defendant in a medical malpractice suit may bring an interlocutory appeal if the trial court denies a motion to dismiss and/or a request for attorney's fees under section 74.351(b). *See, e.g., Mokkala v. Mead,* 178 S.W.3d 66 (Tex. App.-Houston [14th Dist.] 2005, pet. filed); *see also Acad. of Oriental Med., L.L.C. v. Andra,* 173 S.W.3d 184, 187 (Tex.App.-Austin 2005, no pet.). Though it is not entirely clear where the line is to be drawn between the denial of a motion to dismiss under section 74.351(b) and the granting of an extension under section 74.351(c), the defendant is expressly prohibited from bringing an appeal from an order granting such an extension. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9); *Acad. of Oriental Med.,* 173 S.W.3d at 187–88 & n. 6.

▉ Conversely, the plaintiff in a medical malpractice suit may bring an interlocutory appeal if the court grants a defendant's challenge to the adequacy[3] of an expert report under section 74.351(*l*). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(10); *Acad. of Oriental Med.,* 173 S.W.3d at 188. However, the defendant has no right of interlocutory appeal under section 51.014(a)(10) if the court *denies* the defendant's challenge to the adequacy of an expert report under section 74.351(*l*). *See Acad. of Oriental Med.,* 173 S.W.3d at 188–89; *see also Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001) ("section 51.014 [must] be strictly construed as 'a narrow exception to the general rule that only final judgments and orders are appealable.' ") (quoting *Montgomery County v. Fuqua,* 22 S.W.3d 662, 665 (Tex.App.-Beaumont 2000, pet. denied)).

### Perfection of Interlocutory Appeal

Rules of Appellate Procedure 26.1(b) and 28.1 govern the perfection of an interlocutory appeal. An interlocutory appeal is an accelerated appeal. TEX.R.APP. P. 28.1.

> [I]n an accelerated appeal, absent a rule 26.3 motion,[4] the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline.

*In re K.A.F.,* 160 S.W.3d 923, 927 (Tex. 2005) (footnote added); *see also* TEX.R.APP. P. 26.1(b), 28.1.

---

**3.** A challenge to the adequacy of an expert report under section 74.351(*l*) requires the court to determine whether the challenged report "represent[s] an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(*l*) (Vernon 2005). Because subsection (r)(6) defines an "expert report" as "a written report by an expert" and because the term "expert" is defined by subsection (r)(5), we conclude that a challenge under section 74.351(*l*) may be urged against not only the substance of the expert's report but also the expert's qualifica-

tions. *See id.* § 74.351(r)(5), (6) (Vernon 2005).

**4.** The time for filing the notice of appeal may be extended if an extension of time to file the notice of appeal is timely requested or implied under Rule of Appellate Procedure 26.3. *See* TEX.R.APP. P. 26.3; *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex.2005); *In re K.M.Z.,* 178 S.W.3d 432, 433–34 (Tex.App.-Fort Worth 2005, no pet.); *In re B.G.,* 104 S.W.3d 565, 567 (Tex. App.-Waco 2002, order, no pet.) (per curiam). However, there has been no express or implied extension request in this case.

## Application

The trial court signed its order denying Lewis's first motion to dismiss on October 29, 2004. Thus, Lewis's notice of appeal seeking review of this order was due within twenty days, on or before November 18. *See* Tex.R.App. P. 26.1(b); *K.A.F.*, 160 S.W.3d at 927. However, Lewis did not file his notice of appeal until April 12, 2005. His "Motion for Reconsideration" did not alter the deadline for filing the notice of appeal. *See K.A.F.*, 160 S.W.3d at 927. Therefore, his notice of appeal is untimely, and this Court thus does not have jurisdiction to address his first, second, and sixth issues, which challenge the court's denial of his first motion to dismiss and the request therein for attorney's fees. *Id.*

Lewis's third, fourth, and fifth issues challenge the court's denial of his second motion to dismiss, which is premised solely on the qualifications of Funderburk's "second" expert and the adequacy of his report. As has been observed however, a defendant has no right of interlocutory appeal under section 51.014(a)(10) if the court *denies* the defendant's challenge to the adequacy of an expert report. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(10); *Acad. of Oriental Med.*, 173 S.W.3d at 188–89. Therefore, this Court does not have jurisdiction to address Lewis's third, fourth, and fifth issues.

Accordingly, the appeal is dismissed.

Chief Justice GRAY, dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a medical malpractice case. The precedent established by this case is that if a trial court grants a plaintiff a 30 day extension to serve a medical expert report, there can be no interlocutory appeal if the trial court subsequently determines the extended report is compliant, no matter how defective the extended report may be.[1] I dissent.

### THE TIME LINE

02/22/02—Letter from one physician, thanking another physician for the referral of a client, aka Wroten Report

12/22/03—Suit filed

03/11/04—Wroten Report served as part of discovery

04/20/04—Deadline for serving an expert report

06/28/04—Motion to dismiss filed

09/30/04—Hearing on motion to dismiss. Trial court determined instead that the Wroten Report is an inadequate expert report and gave 30 day extension upon request of plaintiff to serve a compliant report

10/29/04—Order signed granting the 30 day extension

10/29/04—Extended report served

11/12/04—Objections to extended report

11/12/04—Motion to Dismiss due to failure to file a compliant report and objections to extended report

02/04/05—Hearing on objections and motion to dismiss; objections overruled, motion denied

1. I limit the majority's holding to this description because this is the scope of the issue as presented in this case. Their stated holding is that a defendant has no right of interlocutory appeal if the court denies the defendant's challenge to the adequacy of an expert report because section 51.014(a)(10) only grants the right of interlocutory appeal to a plaintiff if the trial court grants the relief sought by a defendant challenging the adequacy of an expert report. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(10) (Vernon Supp.2005). They do not address why the defendant cannot bring an interlocutory appeal under section 51.014(a)(9) for the denial of the relief requested. *Id.* § 51.014(a)(9).

03/28/05—Order signed

04/12/05—Notice of Appeal filed

## THE SHORT VERSION

The plaintiff filed suit. The nature of the suit required an expert report to be served. The plaintiff did not timely serve an expert report. The defendant requested a dismissal. The plaintiff argued that a referral letter that was in discovery responses already served was an expert report. The referral letter was grossly deficient as an expert report. The trial court denied the motion to dismiss and granted an extension. The plaintiff served an extended report. The defendant filed objections to the extended report and a second motion to dismiss. The trial court overruled the objections to the extended report and denied the motion to dismiss. The defendant brings an interlocutory appeal. The majority holds that we have no jurisdiction to review a trial court's determination that an extended expert report is adequate under any circumstance and the defendant waited too long to bring an interlocutory appeal from the original denial when the trial court granted an extension to serve a compliant report. Now the dissent gets its turn.

## THE FIRST "REPORT"

If the document dated February 22, 2002 and served in the course of discovery on March 11, 2004 is an expert report as defined by section 74.351(r)(6), I will have to change professions; but that is not the issue here. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon Supp.2005). To fully understand where I am going, you really need to see what the plaintiff contends is the first report. The full Wroten Report is as follows:

February 22, 2002

Jon Ellis, M.D.

Waco Bone and Joint Clinic

3500 Hillcrest Drive

Waco, Tx 76708

Re: Whitney A. Funderburk

Dear Jon:

Thank you for asking me to see Whitney A. Funderburk. I saw Whitney in the office initially on 2/22/02. She was accompanied by her mom and dad. Whitney is a 14–year–old female who is a middle school student down in Grosbeck, Texas. On 12/22/01 she was involved in a four-wheeler accident. She sustained an injury to her left wrist consisting of a Salter fracture that was displaced. She had a fracture through the distal radial epiphysis with significant dorsal angulation of the distal fragment. An attempted reduction was done and then a cast was applied. There may have been a little bit of improvement with the reduction, but not a significant amount. The reduction was done in Mexia, Texas on 12/22/01. Apparently she was in a cast for a month. She describes a long-arm cast initially and then a short-arm cast for about three weeks. Because of continued pain and displacement after the cast was removed, the family took her to see you in Waco. You saw her initially on 2/1/02. You recommended she see me.

When I saw Whitney and her parents in the office on 2/22/02 it had been about two months since her injury. Whitney is still complaining of pain in the wrist.

On exam today, she has full mobility of her left shoulder. She has full flexion and extension of her left elbow. She has normal pronation compared to the uninjured right side, but her supination is zero. She has 32 degrees of palmar flexion of the left wrist, 22 degrees of dorsiflexion, 8 degrees of radial deviation, and 28 degrees of ulnar deviation. She has full flexion and extension of the

fingers. There is no numbness or tingling in the hand, and no atrophy in the upper arm, forearm, or intrinsic muscles of the hand. She does have what appears to be a slight deformity about the left wrist.

I obtained x-rays today in the 90:90 view and compared the left with the right. She still has significant dorsal displacement of the fracture fragment seen on the lateral view. She does have significant healing present. The alignment of the radiocarpal joint is not bad, but there is significant dorsal displacement. I think some of this is keeping her from supinating her forearm.

This young lady is quite involved in sports and is very anxious to get back to them. She is also concerned very much about her wrist. While the Funderburks were in the office today, I told them I would like to review the x-rays that we took today with my associates and get back with them in a few days. Further imaging studies may need to be done. I told them I did not want to make a snap decision as to whether surgical intervention should be considered at this point. I told them I wanted to review the films myself and then get other consultation and they were all in agreement with that.

Thanks again for your referral.

Sincerely,

B.J. Wroten, M.D.

This letter was prepared during the course of treatment of the plaintiff and without regard to this suit. It was produced to a hospital defendant as part of a document production by the plaintiff. At the hearing on the first motion to dismiss, the plaintiff contended this letter was an expert report. Let's face it; the plaintiff was jammed up with a hard dismissal date because no report had been filed, the attorney reached into a hat and pulled out a rabbit—the trial court swallowed hard and cut the plaintiff some slack and, rather than dismiss the suit, determined that the Wroten Report was an inadequate expert report and gave the plaintiff the relief requested, an extension in which to serve a compliant expert report. This was an interesting tactic. If the Wroten Report was an expert report, you would have expected the response to be that the defendant had waited too long after the report was served to move for dismissal. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2005) (21 days to file objections after it is served). But if this was an expert report … okay, I've said that already.

So the plaintiff made a calculated decision and rather than run the risk of having the trial court grant the dismissal as required if no report was served, the plaintiff waived the opportunity to assert the defendant's complaint was untimely and invited the trial court to err by granting the plaintiff an extension in which to serve a compliant expert report. This put the defendant in a procedural posture probably not contemplated by anyone, ever—that a litigant would be unable to even identify a document as an expert report.

But because the trial court granted an extension in which to serve a compliant report, the defendant was unable to bring an interlocutory appeal of the trial court's order. TEX. CIV. PRAC. REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005) ("an appeal may not be taken from an order granting an extension under Section 74.351").

When the extended report was served within the extension period, the defendant promptly filed objections and a motion to dismiss. The trial court overruled the objections, denied the motion to dismiss, and determined the report was compliant.

The defendant brings this interlocutory appeal.

The majority holds that if a trial court grants an extension under section 74.351(c), the subsequent determination of the sufficiency of the extended report cannot be the subject of an interlocutory appeal. Their reasoning is that, under section 51.014(a)(10), there is no interlocutory appeal for a defendant if the plaintiff's expert report is determined to be adequate under section 74.351(*l*). They acknowledge section 51.014(a)(10) gives the plaintiff the ability to take an interlocutory appeal if the report is determined to be inadequate. But they also extrapolate from this that the defendant is not given the right to bring an interlocutory appeal if the trial court determines a report is compliant. And they interpret section 74.351(b) to be applicable only to the total failure to file any report within 120 days and inapplicable to an extended report. Thus, they have found what they believe is a statutory gap in the defendant's ability to bring an interlocutory appeal of complaints about an expert report. This is where they duck the review by interlocutory appeal of any report determined to be an adequate expert report if it is served after an extension is granted pursuant to section 74.351(c). They do this by holding there is no provision in the Civil Practice and Remedies Code for a defendant to bring an interlocutory appeal if the extended report is determined to be adequate. Therein lies the flaw in their logic, their opinion, and their result.

The issue here, even viewed from the majority's perspective, is under which provision the trial court was proceeding when it denied the defendant's motion to dismiss and overruled his objections to the extended report. The defendant sought dismissal and made his objections because a compliant report had not been served as required by section 74.351(a). The majority says any report served pursuant to an extension is a report under section 74.351(c). And, as their logic goes, there is no section in Chapter 51 of the Civil Practice and Remedies Code to bring an interlocutory appeal under section 74.351(c).

But a close examination of section 74.351(c) will reveal that a report served pursuant to an extension because the original report was deficient is, nevertheless, a report being challenged under section 74.351(b). This is because when a document has been served, challenged, and determined deficient, it is as though no expert report has been served and the trial court can grant one 30 day extension to serve a compliant report.

Thus, the challenge to the sufficiency of an extended report is still a challenge pursuant to section 74.351(b) that no compliant report has been timely served as required by section 74.351(a). And the denial of "all or part of the relief sought by a motion under Section 74.351(b)" by a defendant can be reviewed by interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005). We know that the trial court determined the Wroten Report was deficient and, therefore, no compliant report was timely served. The trial court gave the plaintiff its one 30 day extension in which to serve a compliant report. We also know that at the end of the hearing on the first motion to dismiss, the trial court told the defendant four times that it would reconsider the motion to dismiss after the extended report was "filed." The defendant also requested the dismissal of the plaintiff's case with prejudice and attorneys fees. *See Academy of Oriental Medicine, L.L.C. v. Andra*, 173 S.W.3d 184, 187 (Tex.App.-Austin 2005, no pet.) ("A motion challenging the adequacy of an expert report

that does not request the relief set out in section 74.351(b) is a motion for relief under 74.351(*l* ).").

The extended report is thus the opportunity for the plaintiff to serve a compliant report which is then considered timely under section 74.351(a). If the defendant seeks a determination that the extended report is not compliant, it is seeking a determination under section 74.351(b) that a compliant report has not been served and is seeking the relief specified in that subsection. The legislature provided for an interlocutory appeal if the defendant is denied the requested relief. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005).

I also believe that an interlocutory appeal from the extended report is the proper time to complain that the trial court erred in determining that the initial report was an expert report upon which an extension could be based. In this case, the Wroten Report is so clearly not a section 74.351(r)(6) expert report that it cannot support an extended report. (The only other alternative is that we go back to determining this issue by mandamus, a result the legislature was clearly trying to limit by this legislation.)

Otherwise, as in this case, the trial court simultaneously denied a motion to dismiss and granted an extension request. As the majority notes, one portion of the interlocutory appeal provisions would allow the defendant to appeal the denial of the motion to dismiss. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005) ("denies all or part of the relief sought under Section 74.351(b)"). But the same statute has an exception that an interlocutory "appeal may not be taken from an order granting an extension." *Id.* So to give effect to all parts of the statute, the exception requires that the defendant must wait and appeal objections to the extended report, including that there was never a report upon which the extension could be based. *See Academy of Oriental Medicine, L.L.C. v. Andra,* 173 S.W.3d 184, 188 n. 7 (Tex.App.-Austin 2005, no pet.) ("... the exception in 51.014(a)(9) clarifies that an interlocutory appeal is only available when the court had denied a defendant's motion but had not granted the plaintiff additional time to cure deficiencies.")

We have the jurisdiction to determine in an interlocutory appeal whether an expert report served pursuant to a 30 day extension complies with the requirements for an expert report. A deficient report that is served after a 30 day extension is the equivalent of no timely served report and the denial of relief sought pursuant to section 74.351(b) allows the healthcare provider to bring an interlocutory appeal. TEX. CIV. PRAC. REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2005). That interlocutory appeal can challenge whether the report was prepared by a person qualified as an expert and whether the report meets the requirements of Texas Civil Practice and Remedies Code section 74.

The majority errs in dismissing the interlocutory appeal as to the adequacy of the expert report upon the basis that an interlocutory appeal is not available to review the denial of a "challenge to the adequacy of an expert report."

If the extended report served after the grant of an extension is deficient, there is no expert report filed for purposes of section 74.351(a) and the medical service provider must then bring a motion to dismiss within 21 days under section 74.351(b). The denial of the motion to dismiss after the allegedly defective extended report was served, simply means that the trial court has determined the extended report is a timely served report under section 74.351(a) and, thus, the defendant has been

denied relief requested pursuant to section 74.351(b).

One way to think about it is that the original deficient report is replaced by the second allegedly deficient report—and if the second report is indeed deficient, no expert report has been timely served under section 74.351(a). Alternatively, it could be viewed as the 120 day period is tolled until 30 days after the plaintiff gets notice that the trial court determined the first report is deficient and granted a 30 day extension.

Where the majority miscued is determining that the appeal is pursued because the relief requested by the defendant under section 74.351(*l*) was denied. The relief that was denied was sought by the defendant under section 74.351(b) and, thus, the interlocutory appeal is provided for by section 51.014(a)(9). Whereas the section the majority relies upon, section 74.351(*l*), applies whether it is an extended report or not, and its application is not related to the denial of relief requested by a defendant. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(*l*) (Vernon Supp.2005). It simply tells the trial court what it must do if it determines a report is not adequate. And section 51.014(a)(10) gives the plaintiff the ability to bring an interlocutory appeal of that determination—that the report is inadequate. *Id.* § 51.014(a)(10).

Because the majority dismisses the appeal for want of jurisdiction when we should be reviewing the merits of the issues, I respectfully dissent.