**HILL REGIONAL HOSPITAL,**
**Appellant**

v.

**Maxine RUNNELS, Individually and as Heir to and on Behalf of the Estate of Glendon Runnels, Deceased and Tammy Runnels Walker and Glen Paul Runnels, Individually, Appellees.**

No. 10–06–00372–CV.

Court of Appeals of Texas,
Waco.

March 14, 2007.

Ty A. Bailey, Stinnett, Thiebaud & Remington LLP, Dallas, for appellant.

James Craig Orr, Heygood Orr Reyes & Bartolomei, Jason T. Mackey, Edward P. Quillin, Quillin Law Firm PC, Dallas, David Dumas, Fulbright Winniford PC, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

This is a health care liability action against Hill Regional Hospital relating to the death of Glendon Runnels. In accordance with Civil Practice and Remedies Code section 74.351, the Runnelses timely furnished to Hill Regional the expert reports and CVs of Jeffrey Kopita, M.D. and Debora Simmons, R.N. Hill Regional objected to the adequacy of these reports and moved to dismiss the case under subsection 74.351($l$). The trial court denied the motion to dismiss, and Hill Regional appeals that order.

In a letter to the parties, we notified them of our concern that we may not have jurisdiction because the order being appealed was not an appealable interlocutory order. Both sides have briefed this jurisdictional issue.

We recently held in *Lewis v. Funderburk* that an appellate court lacks jurisdiction over an attempted interlocutory appeal from order denying relief under subsection 74.351($l$). *Lewis v. Funderburk*, 191 S.W.3d 756, 760 (Tex.App.-Waco 2006, pet. filed). Other courts agree with us. *See, e.g., Jain v. Stafford*, 214 S.W.3d 94, 97 (Tex.App.-Fort Worth, 2006, no pet. h.). Others do not. *See, e.g., Cayton v. Moore*, 224 S.W.3d 440, 2007 WL 172069, at *2–3 (Tex.App.-Dallas Jan.24, 2007, no pet. h.); *Methodist Healthcare Sys. v. Martinez–Partido*, 2006 WL 1627844, at *1–2 (Tex.App.-San Antonio June 14, 2006, pet. denied) (mem.op.).

We will follow and re-affirm our precedent; we lack jurisdiction over the trial court's interlocutory order denying Hill Regional's motion to dismiss under subsection 74.351($l$) and dismiss the appeal for want of jurisdiction. *See Lewis*, 191 S.W.3d at 760.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

I respect the majority's decision to not abandon its prior decision. *See Lewis v. Funderburk*, 191 S.W.3d 756 (Tex.App.-Waco 2006, pet. filed). But I continue to believe that prior decision was incorrectly decided. *Id.* at 761 (Gray, C.J., dissenting). And while the majority cites one court that agrees with them and two courts that disagree, slip opinion at p. 2, the Appellants have identified a number of other courts that they contend implicitly

disagree with the majority. There is no question, however, that the courts of appeals' decisions are in direct conflict, thus invoking the Supreme Court's conflict jurisdiction. TEX. GOV'T CODE ANN. § 22.001(a)(2) (Vernon 2004).

Because the precedential value of our prior decision is not yet established, I dissent from the judgment of the Court for the same reasons that I dissented in *Lewis v. Funderburk*. *Lewis v. Funderburk*, 191 S.W.3d 756, 761–66 (Tex.App.-Waco 2006, pet. filed) (Gray, C.J., dissenting)