IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00372-CV

 

Hill Regional Hospital,

                                                                                    Appellant

 v.

 

Maxine Runnels, Individually 

and as Heir to and on Behalf

of the Estate of Glendon Runnels,

Deceased and Tammy Runnels Walker

and Glen Paul Runnels, Individually,

                                                                                    Appellees

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 42164

 



memorandum Opinion



 








            This is a health care liability action
against Hill Regional Hospital relating to the death of Glendon Runnels.  In
accordance with Civil Practice and Remedies Code section 74.351, the Runnelses timely
furnished to Hill Regional the expert reports and CVs of Jeffrey Kopita, M.D.
and Debora Simmons, R.N.  Hill Regional objected to the adequacy of these
reports and moved to dismiss the case under subsection 74.351(l). 
The trial court denied the motion to dismiss, and Hill Regional appeals that
order.

            In a letter to the parties, we
notified them of our concern that we may not have jurisdiction because the
order being appealed was not an appealable interlocutory order.  Both sides
have briefed this jurisdictional issue.

            We recently held in Lewis v. Funderburk that an appellate court
lacks jurisdiction over an attempted interlocutory appeal from
order denying relief under subsection 74.351(l).  Lewis v.
Funderburk, 191 S.W.3d 756, 760 (Tex. App.—Waco 2006, pet. filed).  Other
courts agree with us.  See, e.g., Jain v. Stafford, --- S.W.3d
---, 2006 WL 3627140, at *2-3 (Tex. App.—Fort Worth Dec. 14, 2006, no pet. h.). 
Others do not.  See, e.g., Cayton v. Moore, --- S.W.3d ---, 2007 WL
172069, at *2-3 (Tex. App.—Dallas Jan. 24, 2007, no pet. h.); Methodist
Healthcare Sys. v. Martinez-Partido, 2006 WL 1627844, at *1-2 (Tex. App.—San Antonio June 14, 2006, pet. denied) (mem. op.).

            We will follow and re-affirm our
precedent; we lack jurisdiction over the trial court’s interlocutory order
denying Hill Regional’s motion to dismiss under subsection 74.351(l)
and dismiss the appeal for want of jurisdiction.  See Lewis, 191
S.W.3d at 760.

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray dissenting)

Appeal dismissed 

Opinion delivered and
filed March 14, 2007

[CV06]






160;                                                                 

O P I N I O N
                                                                                                    

           A jury convicted appellant, Marcus DeWayne Leno, of aggravated robbery and sentenced
him to 25 years' incarceration in the Institutional Division of the Texas Department of Criminal
Justice. In two points of error, Leno alleges: (1) the juvenile court's waiver of jurisdiction and
order transferring him to the district court to be tried as an adult was invalid; and (2) the district
court erred in failing to suppress his custodial statement because the statement was taken by police
officers after he was already in the custody of juvenile authorities.
          On the evening of January 26, 1995, Homer and Betty Nelson were robbed, at gunpoint,
by a group of men outside a restaurant in Waco. Leno was arrested as a suspect in the robbery
and taken into custody. Because Leno was 16 years-old at the time of the offense, he was treated
as a juvenile offender pursuant to the Juvenile Justice Code.


 Leno was taken into custody on
February 13, 1995, and was placed in the McLennan County Juvenile Detention Center.


 He was
given the requisite warnings


 by Judge Bill Logue on February 14, and on February 15, Leno gave
a statement to Detective Bob Fuller of the Waco Police Department implicating himself in the
January 26 robbery. The 19th District Court of McLennan County, sitting as a Juvenile Court,
subsequently waived its jurisdiction over Leno and transferred him to the 54th District Court to
face charges as an adult.



          In his first point of error, Leno contends that, because the Waiver of Jurisdiction and Order
of Transfer to Criminal Court did not state his age or his birth date, the juvenile court did not
validly waive its jurisdiction over him and properly transfer his case. A juvenile court may waive
its exclusive jurisdiction and transfer a juvenile offender to a district court to be tried as an adult
if: (1) the juvenile is alleged to have committed a felony; (2) the juvenile is at least 15 years-old
at the time of the offense; (3) there has been no adjudication hearing on the offense; (4) the
juvenile court determines that there is probable cause to believe the juvenile committed the
offense; and (5) the welfare of the community requires criminal proceedings because of the
seriousness of the crime or the background of the juvenile.


 If the juvenile court waives its
jurisdiction it must "state specifically in the order its reasons for waiver[.]"


 
            Even though it is apparent from the order itself that Leno's age and date of birth were not
included in it, their omission does not invalidate the order.


 Unlike section 54.02(h) which
requires the juvenile court to state in the waiver order its reasons for transferring the juvenile to
be tried as an adult,


 there is no similar requirement that the juvenile court include in its order
either the juvenile's age or birth date. When a juvenile court enters an order waiving its
jurisdiction over a juvenile offender and transferring the cause to the appropriate district court for
criminal proceedings, it is presumed that the juvenile court carried out its lawful duty and
considered all the evidence presented before it. Ludwig v. State, 636 S.W.2d 869, 872 (Tex.
App.—Waco 1982, pet. ref'd). It is Leno's responsibility on appeal to show that the juvenile court
erred by not considering evidence of his age and that the order was thereby invalid. However,
because Leno did not provide this court with a record from the transfer hearing, he has failed to
satisfy his burden of providing a sufficient record which shows error requiring reversal. Tex. R.
App. P. 50(d); O'Neal v. State, 826 S.W.2d 172, 173 (Tex. Crim. App. 1992).
          Furthermore, reviewing the record which is before us, we find sufficient evidence that
Leno was in fact at least 15 years-old at the time he committed the offense. Ludwig, 636 S.W.2d
at 872 (juvenile court's order was valid despite its failure to state that a psychological study had
been made on the juvenile where there was evidence in the record showing such evaluation had
been made); Q.V. v. State, 564 S.W.2d 781, 784 (Tex. Civ. App.—San Antonio 1978, writ ref'd
n.r.e.) (juvenile court's order did not have to specifically state that no adjudication hearing had
been held where there was evidence in the record from the waiver hearing which established that
no hearing had been held). During his criminal trial, the court admitted into evidence Leno's
Juvenile Warning form. The form indicates that on February 14, 1995, less than 3 weeks after
the January 26, 1995, aggravated robbery, Leno was 16 years of age. Therefore, Leno must have
been at least 15 years-old at the time of the offense. 
          Because Leno failed to show any error requiring reversal and we find from the record that
Leno was at least 15 years-old at the time he committed the crime, the juvenile court's omission
of his age and date of birth from its order did not render the order invalid. Leno's first point is
overruled.
          In his second point of error, Leno alleges his statement confessing to the robbery should
have been suppressed because Waco police officers had no authority to remove him from the
juvenile detention center to the Waco police station for interrogation. First, we address whether
Leno's point of error was properly preserved for our review. To preserve error for appellate
review, the complaining party must have raised his complaint in the form of an objection, request
or motion in the trial court and obtained a ruling. Tex. R. App. P. 52(a); Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995). Additionally, the point of error must correspond to
the motion made at trial. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.), cert. denied,
502 U.S. 870, 112 S.Ct. 202 (1991). Furthermore, a motion which states one legal theory cannot
be used to support a different legal theory on appeal. Broxton, 909 S.W.2d at 918. 
          In his motion to suppress, Leno argued the trial court should suppress the statement
because (1) Leno had not received the proper statutory warnings; (2) Leno's mother had not been
notified as required by statute; and (3) Leno did not "knowingly, intelligently, and voluntarily
waive his rights." Leno did not raise the issue that his confession was invalid because he was
removed from the juvenile detention center in his motion to suppress or in any other form at the
trial level. Consequently, because Leno's complaint on appeal does not comport with the motion
he made at trial, he has failed to properly preserve any error for our review. See id.; Webb v.
State, 899 S.W.2d 814, 819 (Tex. App.—Waco 1995, pet. ref'd). Leno's second point is
overruled.
          The judgment is affirmed.
                        
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 13, 1996
Publish