IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00372-CV

 

Hill Regional Hospital,

                                                                      Appellant

 v.

 

Maxine Runnels, Individually 

and as Heir to and on Behalf of 

the Estate of Glendon Runnels, 

Deceased and Tammy Runnels 

Walker and Glen Paul Runnels, 

Individually,

                                                                      Appellees

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 42164

 



 DISSENTING Opinion










 

          I respect the majority’s decision to
not abandon its prior decision.  See Lewis v. Funderburk, 191 S.W.3d 756
(Tex. App.—Waco 2006, pet. filed).  But I continue to believe that prior
decision was incorrectly decided.  Id. at 761 (Gray, C.J., dissenting). 
And while the majority cites one court that agrees with them and two courts
that disagree, slip opinion at p. 2, the Appellants have identified a number of
other courts that they contend implicitly disagree with the majority.  There is
no question, however, that the courts of appeals’ decisions are in direct
conflict, thus invoking the Supreme Court’s conflict jurisdiction.  Tex. Gov’t Code Ann. § 22.001(a)(2)
(Vernon 2004).

          Because the precedential value of our
prior decision is not yet established, I dissent from the judgment of the Court
for the same reasons that I dissented in Lewis v. Funderburk.  Lewis
v. Funderburk, 191 S.W.3d 756, 761-66 (Tex. App.—Waco 2006, pet. filed)
(Gray, C.J., dissenting)

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed March 14, 2007






.388889in">          It is true that probable cause to arrest is an issue of ultimate fact at a driver's license
suspension hearing. Holmberg v. State, No. 01-95-01199-CR, slip op. at 3 (Tex. App.—
Houston [1st Dist.], May 23, 1996, pet. filed). However, in Neaves v. State, 767 S.W.2d 784
(Tex. Crim. App. 1989), the Court of Criminal Appeals held that the existence of probable cause
at the time of arrest is not an issue of ultimate fact in prosecution for DWI. Id. at 786. 
Consequently, whether probable cause existed at the time of Allman's arrest is not an "issue of
ultimate fact," and collateral estoppel thus does not preclude the State from prosecuting Allman
for DWI despite the administrative law judge's previous finding. Allman's first point of error is
overruled.
          In his second point, Allman argues that the trial court erred in failing to dismiss the DWI
charge against him as a violation of his constitutional right against double jeopardy. Allman
maintains that the finding of no probable cause made by the administrative law judge in his
previous driver's license suspension hearing is the equivalent of an acquittal on the DWI charge,
and thus precludes the State from prosecuting him for it.
          Allman's theory is that, if the trial court was obligated to follow the administrative law
judge's finding that there was not probable cause to arrest him, then the trial court would have
been required to grant his motion to suppress all the evidence derived from his illegal arrest. If
the suppression order had been granted, asserts Allman, the evidence would be legally insufficient
to support his DWI conviction, and we would then be required to render a judgment of acquittal
in his favor.
          In our disposition of Allman's first point of error, however, we concluded that the trial
court was not obligated to follow the administrative law judge's ruling on the probable cause issue. 
Therefore, the trial court was free to make its own independent determination on probable cause. 
The court decided that the arresting officer did have probable cause to take Allman into custody;
consequently, the trial court correctly denied Allman's motion to suppress. Allman makes no
argument that the trial court erred in its analysis of the existence of probable cause. 
          Allman also contends under his second point that his DWI prosecution is barred by double
jeopardy because a conviction of DWI would result in multiple punishment for the same offense. 
The Fifth Amendment does protect against such occurrences. North Carolina v. Pearce, 395 U.S.
711, 717-18, 89 S.Ct. 2072, 2076 (1969). Even in the event Allman's driver's license had been
suspended, it has been held that the suspension of a person's driver's license is not per se
"punishment." Dowling v. State, No. 07-95-0324-CR, slip op. at 8 (Tex. App.—Amarillo, March
29, 1996, pet. filed). In Dowling, the court relied on the "rough justice" concept espoused by the
United States Supreme Court in United States v. Halper, 490 U.S. 435, 447-48, 109 S.Ct. 1892,
1901 (1989). Dowling, slip op. at 5. If the action taken, even appearing punitive in nature,
nevertheless has a rational relationship to non-punitive goals of the State, the action is not
punishment. Halper, 490 U.S. at 449, 109 S.Ct. at 1902. Suspension of a person's driver's
license has long been recognized as a means for the State to protect the public from drivers who
fail to exercise the proper care in operating a motor vehicle and to provide safe roadways. Texas
Dept. of Public Safety v. Richardson, 384 S.W.2d 128, 132 (Tex. 1964); Davison v. State, 313
S.W.2d 883, 886 (Tex. Crim. App. 1958); see also Ex parte Arnold, 916 S.W.2d 640, 642 (Tex.
App.—Austin 1996, no pet.) (holding that license revocation is solely for the protection of the
public while using public roads and highways). Because suspension of a driver's license is not
punishment, even if Allman's driver's license had been suspended, double jeopardy still would not
prevent the State from proceeding with its prosecution of Allman for DWI. Allman's second point
of error is overruled.
          The judgment is affirmed.



                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed August 31, 1996
Do not publish