IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0518
════════════
 
Rory Lewis, M.D., 
Petitioner,
 
v.
 
Dewayne Funderburk, as Next Friend of 
Whitney Funderburk, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued November 
15, 2007
 
 
            
Justice 
O’Neill, concurring.
 
            
As part of House Bill 4’s medical tort-reform package, the Legislature 
amended sections 51.014 and 74.351 of the Texas Civil Practice and Remedies Code 
to allow for interlocutory appeals of certain orders regarding expert reports in 
health care liability claims. See Tex. Civ. Prac. & Rem. 
Code §§ 51.014, 74.351. 
Section 51.014(a)(9) allows immediate appeal from an 
order that denies dismissal under section 74.351(b) when “an expert report has 
not been served within [120 days of filing suit].” Id. § 74.351; 
see id. § 51.014(a)(9). Section 51.014(a)(10) allows appeal from an order that grants a 
challenge to an expert report’s adequacy under section 74.351(l). See 
id. § 51.014(a)(10) (emphasis added). As the court 
of appeals interpreted these provisions, section 74.351(b) applies only when an 
expert report is wholly absent within the statutory period and has no effect 
when an amended report is filed after an extension to cure a deficient report 
has been granted. 191 S.W.3d 756, 761. 
            
I agree with the Court that whether an expert report is absent within the 
statutory period, or a deficient report is filed and an opportunity for cure has 
not yielded an adequate report, the statutory basis for a defendant’s motion to 
dismiss is the same: the plaintiff has failed to serve an expert report as 
section 74.351(b) requires and, if the trial court denies the motion, the 
defendant is entitled to interlocutory review. See Tex. Civ. Prac. & Rem. Code § 
51.014(a)(9). In my view, however, this conclusion 
rests on the fact that subsection (b) and subsection (c) of section 74.351 
together define unserved reports to include both 
absent and deficient reports, not on the Court’s premise that only subsection 
(b) provides for the relief (dismissal and fees) that Lewis sought. If an 
amended report is filed and the trial court denies a meritorious challenge to 
the report’s adequacy, the statutory requirements for an “expert report” have 
not been met and by subsection (b)’s terms, the effect is as though no report 
has been served at all. Id. 
§§ 74.351(b), (c), (l), 51.014(9).
            
But while an absent report and a deficient one are treated the same way 
under section 74.351(b) for purposes of interlocutory appeal, the Legislature 
has precluded review of the latter when an extension to cure has been granted. 
See id. § 51.014(a)(9) (“an appeal may 
not be taken from an order granting an extension”). As I read the statutory 
scheme, when a report, however deficient, has been served, the trial court’s 
actions in denying the dismissal motion and granting an extension are 
inseparable, and section 51.014(a)(9) bars review of the trial court’s order. 
See id.; Ogletree v. Matthews, ___ S.W.3d ___, ___ (Tex. 2007) 
(“Thus, even when a report is deemed not served because it is deficient, the 
trial court retains jurisdiction to grant a thirty-day extension, and the 
Legislature explicitly stated that such orders are not appealable.”). In this 
case, the trial court assessed the Wroton report and 
stated: “I think it is deficient. I think that if — if that’s intended as your 
expert report, it’s deficient under the rules. I’m going to grant a thirty-day 
extension . . . .” Because the trial court’s denial of Lewis’s first motion to 
dismiss based on the Wroton report was accompanied by 
an extension to cure, I disagree with the court of appeals’ and Justice 
Willett’s conclusion that Lewis could have appealed that order. See Tex. Civ. Prac. & Rem. Code § 
51.014(a)(9). The Court declines to reach the question 
because Lewis “vigorously asserts he is not appealing” the point. ___ S.W.3d at ___. But given that we have interpreted the 
statute to mean that no appeal is allowed when the denial of a motion to dismiss 
a deficient report is accompanied by an extension to cure, and that Lewis has 
expressly reserved the issue, I would note the court of appeals’ error. See 
Ogletree, ___ S.W.3d at ___.
            
In sum, I agree with the Court that a separate expert may cure a 
defective report in whole or in part, and that the court of appeals had 
jurisdiction to consider the adequacy of Funderburk’s 
amended report; to this extent I join the Court’s opinion. However, I write 
separately to clarify what I believe to be the proper basis for jurisdiction and 
to note the court of appeals’ error in concluding that Lewis could have appealed 
the trial court’s initial ruling.
            

                                                                        
___________________________________
                                                                        
Harriet O’Neill
                                                                        
Justice
 
OPINION DELIVERED: April 
11, 2008