IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00305-CV

 

Carol Wooten,

                                                                                    Appellant

 v.

 

Eberhard Samlowski, M.D.,

                                                                                    Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200700032

 



dissenting  Opinion










 

            This is another in a series of
proceedings in which the majority refuses to apply the medical malpractice
statute.  See Lewis v. Funderburk, 191 S.W.3d 756 (Tex. App.—Waco
2006), rev’d & remanded, Lewis v. Funderburk, 2008 Tex. LEXIS
312 (Tex., Apr. 11, 2008); Hill Reg'l Hosp. v. Runnels, No. 10-06-00372-CV, 2007 Tex. App. LEXIS 2025, (Tex. App.—Waco March 14, 2007), rev’d & remanded, Hill Reg'l Hosp. v. Runnels, 2008 Tex. LEXIS 307 (Tex., Apr. 11, 2008); Langley v. Jernigan, No. 10-00-00373-CV, 2005 Tex. App. LEXIS 1687
(Tex. App.—Waco Mar. 2, 2005), rev’d & dism’d, Jernigan v.
Langley, 195 S.W.3d 91 (Tex. 2006); Hillcrest Baptist Med. Ctr. v. Wade,
172 S.W.3d 55, 61 (Tex. App.—Waco 2005, pet. granted, appeal dismissed);
Langley v. Jernigan, 76 S.W.3d 752 (Tex. App.—Waco 2002), rev’d &
remanded, Jernigan v. Langley, 111 S.W.3d 153 (Tex. 2003).   I would
apply the statute and affirm the trial court’s judgment.  I respectfully
dissent.

            Within 120 days of filing a medical
malpractice suit, Carol Wooten served an expert report on Dr. Eberhard
Samlowski.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a) (Vernon Supp. 2007).  After filing an
objection contending that the report did not provide any expert opinions
regarding how the care rendered by Samlowski proximately caused Wooten’s injury,
harm, or damages, Samlowski filed a motion to dismiss making the same
argument.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a), (b) (Vernon Supp. 2007).  Wooten
responded to the motion to dismiss and within the same document, requested a 30
day extension to cure any deficiencies in the report.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c) (Vernon Supp. 2007). 

            The trial court dismissed Wooten’s
suit with prejudice and found that the report did not “represent an objective
good faith effort to comply with the definition of an expert report as required
by law….”  The trial court also ordered that all relief not granted in the
order is denied.  Because the trial court did not err in finding that the
report did not represent an objective good faith effort to comply with the
definition of an expert report and because the trial court did not abuse its
discretion in denying Wooten’s request for a 30 day extension, we should affirm
the trial court’s judgment.

 

 

Dismissal

            In her first issue, Wooten argues that
the trial court erred in dismissing her lawsuit, taking issue only with the
court’s determination that the report did not represent an objective good faith
effort to comply with the definition of an expert report.

            When considering a motion to dismiss under
Section 74.351, the issue for the trial court is whether the report represents
a good-faith effort to comply with the statutory definition of an expert
report.  See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52
(Tex. 2002); American Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 878 (Tex. 2001).  An “expert report” means:

A written report by an expert that provides a fair
summary of the expert’s opinions as of the date of the report regarding the
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards and the causal
relationship between that failure and the injury, harm, or damages claimed.  

 

Tex. Civ.
Prac. & Rem. Code Ann. §
74.351(r)(6) (Vernon Supp. 2007).  To constitute a "good-faith
effort," the report must discuss the standard of care, breach, and
causation with sufficient specificity to fulfill two purposes: (1) to inform
the defendant of the specific conduct the plaintiff has called into question;
and (2) to provide a basis for the trial court to conclude that the claims have
merit.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 879.

            The trial court should look no further
than the report itself, because all the information relevant to the inquiry is
contained within the document's four corners.  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.  The report must include the expert's opinion on each of the
three elements that the statute identifies: standard of care, breach, and
causal relationship.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d
at 878.  A report cannot merely state the expert's conclusions about these
elements.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 879. 
"Rather, the expert must explain the basis of his statements to link his
conclusions to the facts."  Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex. 1999).

            We review a trial court's order
dismissing a claim for failure to comply with the expert report requirements
under an abuse-of-discretion standard.  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.  When reviewing matters committed to the trial court's
discretion, we may not substitute our own judgment for the trial court's
judgment.  See Flores v. Fourth Ct. of Appeals, 777 S.W.2d 38, 41 (Tex. 1989).

             Samlowski argued in his motion to
dismiss, and argues here on appeal, that the statements in the expert report
are conclusory and reveal no causal connection between the alleged negligent
acts and the injuries, harm, or damages suffered by Wooten.  Wooten disagrees
with Samlowski’s characterization of the report but cannot point to any
specific statement made in the report that relates to the causal relationship
between the breach of the standard of care and the injuries, harm, or damages
claimed.  She contends that the expert’s discussion of causation occurs “in
bits and pieces” throughout his report.  We have reviewed the four corners of
the report and have found no statements of causation.  There are many
statements regarding the standard of care and many, many detailed statements
regarding Samlowski’s failure to adhere to the standard of care.  However, we
can find no statements that link a specific failure to follow a standard of
care to a specific injury, harm, or damage to Wooten.

            Because we can find no specific statements
of causation within the four corners of the report, the report cannot meet the
two purpose test of Palacios and cannot constitute a good faith effort. 
Thus, the trial court did not err in its determination that Wooten’s report
does not represent an objective good faith effort to comply with the definition
of an expert report, and did not abuse it’s discretion in dismissing Wooten’s
suit.  Wooten’s first issue should be overruled.

Continuance

            By her second issue, Wooten argues
that the trial court erred “in not granting [her] request for a thirty (30) day
extension” to cure the deficiency in the report.  See Tex. Civ. Prac. & Rem. Code
74.351(c) (Vernon Supp. 2007).  Because the term "may" as used in
subsection (c) vests the trial court with discretion to grant a 30-day
extension, we review the decision of the trial court in granting or denying a
motion for an extension of time under section 74.351(c) by an abuse of
discretion standard.  Bosch v. Wilbarger Gen. Hosp., 223 S.W.3d 460, 465
(Tex. App.—Amarillo 2006, pet. denied); Hardy v. Marsh, 170 S.W.3d 865,
870-71 (Tex. App.—Texarkana 2005, no pet.).  Nothing in this record indicates
that the district court clearly abused its discretion in not allowing Wooten a
30-day extension to cure the deficiencies in her report.   Her second issue should
also be overruled.[1]

Conclusion

            We should overrule each of Wooten’s
issues and affirm the trial court’s judgment.  Because the majority does not, I
dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
Opinion delivered and filed May 21, 2008

 









[1]
Wooten urges us to remand to the trial court for the consideration of a 30 day
extension.  She cites to a plethora of cases as support for her request.  Those
cases are inapplicable here.  In those cases, the appellate court reversed the
trial court’s denial of a doctor’s or hospital’s motion to dismiss and remanded
the case for, in most cases, the consideration of a request for an extension
not previously considered.  Here, the motion to dismiss was granted and Wooten’s
request was considered and denied.