NO. 07-05-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 25, 2006

_____


BECKY VANDEN BOSCH, INDIVIDUALLY AND AS NEXT FRIEND
OF JUSTIN MAURICE EVANS, A MINOR CHILD, APPELLANT

V.

WILBARGER GENERAL HOSPITAL; MERIA E. AULDS, M.D.; CHAD BROWNLOW,
R.N.; MILTON BROWNLOW, C.N.P.; WAGGONER NATIONAL BANK
AS EXECUTOR OF THE ESTATE OF LAYNE E. COLLUMS, M.D.,
DECEASED; AND HILLCREST CLINIC, A BUSINESS ASSOCIATION, APPELLEES


_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,265; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.


**OPINION**


Appellant Becky Vanden Bosch, individually and as next friend of Justin Maurice

Evans, a minor child, challenges the order of dismissal of her suit brought under Chapter

74 of the Texas Civil Practice & Remedies Code against Meria E. Aulds, M.D., Milton Brownlow, C.N.P., and Waggoner National Bank as Executor of the Estate of Layne E. Collums, M.D.[1] Presenting seven issues, Bosch contends the trial court erred in sustaining (1) Aulds's objection to the expert report based on the emergency care provisions of Chapter 74, (2) Collums's objection based on breach of standard of care, (3) Collums's objection based on failure to show a causal link, (4) Collums's objection based on the emergency care provisions of Chapter 74, (5) Brownlow's objection based on breach of standard of care, (6) Brownlow's objection based on failure to show a causal link, and in (7) refusing to grant her request for a 30-day extension to cure any defects which the court found to exist. We reverse and remand in part and affirm in part.

On October 2, 2001, at approximately at 6:30 p.m., after finding a Prozac bottle open on the floor with one pill remaining, Justin's parents contacted the Texas Panhandle Poison Center for assistance and were instructed to take the three-year-old child to a local hospital emergency room. The Poison Center alerted Wilbarger General Hospital that Justin was on his way and recommended that upon his arrival, after treatment with activated charcoal, he should be kept under observation for up to six hours and given symptomatic supportive care. Aulds was the emergency room physician on duty when Justin arrived at approximately 7:00 p.m. Finding no symptoms at that time, Aulds did not administer activated charcoal, and Justin was discharged at 7:35 p.m. After returning

---

[1]Following settlement, Bosch's claims against Wilbarger General Hospital and Chad Brownlow were dismissed.

home, Justin went to bed and awoke about 10:00 p.m. vomiting, sweating profusely, unable to focus his eyes, and his arms and legs were rigid. After being returned to the hospital, he was again examined by Aulds who diagnosed Prozac overdose. Aulds admitted Justin to the hospital under the care of Collums and Brownlow.[2] Brownlow ordered that Justin be transferred to United Regional Health Care System in Wichita Falls the following morning.

Bosch filed her suit on September 30, 2003, under Chapter 74, seeking to recover damages for Justin's injuries. The expert report required by section 74.351 prepared by Dr. Julio C. Castillo, M.D., dated January 14, 2004, was filed on January 23, 2004.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2005). Among other things, the report expressly stated that it was a preliminary report. In response to the expert report, the medical care providers filed separate objections and challenges to the sufficiency of the report and motions to dismiss which are summarized as follows:

| **Aulds** | **Brownlow** | **Collums** |
|---|---|---|
| 1. Emergency room standard omitted per § 74.153. | 1. Causal link omitted.<br>2. Standard of Care omitted.<br>3. Fails to identify alleged breach. | 1. Causal link omitted.<br>2. Ordinary standard of care omitted.<br>3. Emergency room standard omitted per § 74.153. |

---

[2]Brownlow was working under the supervision of Collums.

[3]An amended expert report dated November 20, 2004, was presented with a motion for a 30-day extension of time in which to file the report per section 74.351(c) and is not before us because the trial court denied the requested extension.

Following a hearing on October 5, 2004, the trial court signed an order sustaining their objections to the expert report, granting their motions to dismiss and denying Bosch's request for a 30-day extension, and awarding attorney's fees on January 31, 2005.

## Standard of Review

A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for clear abuse of discretion. *See* Bowie Memorial Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); American Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873, 877-78 (Tex. 2001). *See also* Kendrick v. Garcia, 171 S.W.3d 698, 702-03 (Tex.App.–Eastland 2005, pet. filed) (utilizing the abuse of discretion standard of *Palacios* to review denial of a motion to dismiss under section 74.351). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). There is no abuse, however, simply because a trial court may decide a matter within its discretion differently than an appellate court. *Id.* at 242. When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court, thus insulating the trial court's decision from appellate second guessing. *Bowie*, 79 S.W.3d at 52. Now, pursuant to section 74.351(l), a court shall grant a motion grounded on a challenge to the adequacy of an expert report only if it "does not represent an *objective* good faith effort to comply with the definition of an expert report." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l) (Vernon Supp. 2005) (emphasis added).

4

## ANALYSIS

### Doctor Aulds

### Section 74.153

We commence our analysis by considering Bosch's first issue contending the trial court erred in sustaining Aulds's objection to the expert report based on the emergency care provisions of Chapter 74. We agree.

Justin was first seen and evaluated at the emergency room by Aulds and released to go home. Approximately two and one-half hours later, Aulds examined Justin a second time and admitted him to the hospital under the care of Collums and Brownlow. Alleging Justin's claims arise by reason of Aulds's medical care at the emergency room, based upon section 74.153, Aulds objected to the expert report of Dr. Castillo and moved to dismiss the suit because the expert report did not address the alleged negligence of Aulds was wilful and wanton negligence. Although section 74.351(r)(6) does not require that an expert report include the standard of proof per section 74.153, without citation of any authority, Aulds argues the expert report of Dr. Castillo was insufficient because it did not contend Aulds's actions or inactions amounted to wilful and wanton negligence or that she acted with conscious indifference to Justin's rights, safety, or welfare. *See* § 74.351(r)(6). By her objection, Aulds concludes "[a]s such, the statements contained in Dr. Castillo's report do not constitute a good faith effort to sufficiently address the issue of breach in the *standard of care* applicable to the emergency care rendered by Dr. Aulds," and the report

5

did not satisfy the requirements of section 74.351(r)(6), which does not require the emergency room standard of proof be included in an expert report. (emphasis added).[4]

We have previously held that in a medical malpractice cause of action the applicable standard of care is a threshold question for a plaintiff to prove which must be proved by expert testimony. Johnson v. Berg, 848 S.W.2d 345, 348 (Tex.App.–Amarillo 1993, no pet.). Upon proof of the standard of care, the finder of fact then determines whether the alleged act or omission deviated from the standard of care. *Id.* Since medical malpractice cases constitute negligence cases

> [t]he ultimate *standard of proof* on the causation issue is whether, by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm could not have occurred.

Kramer v. Lewisville Memorial Hosp. 858 S.W.2d 397, 400 (Tex. 1993) (emphasis added). *See also* Archer v. Warren, 118 S.W.3d 779, 782 (Tex.App.–Amarillo 2003, pet. denied) (holding that where the medical services were not provided in an emergency room, the plaintiff was required to prove medical negligence only by a preponderance of the evidence).[5]

---

[4]Section 74.154 is not implicated here because it addresses the jury instructions in cases when emergency room medical care is involved.

[5]Even though section 74.153 retains the preponderance of the evidence standard of proof, it does require the claimant show that the conduct of the health care provider, with wilful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances.

As used in the context of medical malpractice actions, the phrases "standard of care" and "standard of proof" are not synonymous. As discussed above, the plaintiff must establish the applicable "standard of care" by expert testimony. *See Johnson*, 848 S.W.2d at 348. However, by sections 74.153 and 74.154, when the health care liability claim against a physician or health care provider is implicated and emergency medical care is involved, the Legislature has heightened the standard of proof. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.153, 154 (Vernon 2005). *See also* Tex. Civ. Prac. & Rem. Code Ann. § 41.003 (Vernon Supp. 2005) (raising the preponderance of the evidence standard of proof by establishing standards for recovery of exemplary damages); Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2005) (requiring that the evidence be clear and convincing). Moreover, considering section 74.351(s) limits discovery before an expert report is filed, in the absence of a stipulation or admission, any expert report asserting the attending physician's negligence was wilful and wanton could only be based upon speculation or *ipse dicta.* Accordingly, we hold that section 74.153 does not constitute a *standard of care* contemplated by section 74.351(r)(6). Instead, the section provides the evidentiary standard of proof in emergency room medical care cases. *See* Michael S. Hull et al, *House Bill 4 and Proposition 12:An Analysis with Legislative History,* 36 Tex. Tech L. Rev. 1, 267(2005).

We have not overlooked Aulds's argument that the letters of the trial judge to the attorneys demonstrate he did not reach or consider the applicability of section 74.153 in granting the motion to dismiss. However, letters are not the proper method for apprising

the parties of the grounds for the granting of relief or order. RRR Farms, Ltd. v. American Horse Protection Ass'n, Inc., 957 S.W.2d 121,126 (Tex.App.–Houston [14th Dist.] 1997, pet. denied); Shannon v. Texas General Indem. Co., 889 S.W.2d 662, 664 (Tex.App–Houston [14th Dist.] 1994, no writ). Accordingly, Bosch's first issue is sustained.

## Doctor Collums and C.N.P. Brownlow

We continue our analysis by considering Bosch's third and sixth issues by which she contends the trial court erred in sustaining the objections of Collums and Brownlow to the physician's preliminary report based on a failure to show a causal link. We disagree.[6]

According to the history presented in the expert report, Justin was not examined or treated by Brownlow or Collums when he was first seen and evaluated at the emergency room by Aulds and released to go home. Upon his second visit to the hospital some two and one-half hours later, he was examined again by Aulds. A toxic urine drug screen, blood counts, and chemistry were ordered, and Justin was admitted to the hospital with the diagnosis of Prozac overdose under the care of Collums and Brownlow. The expert report concludes with the history and events upon the patient's transfer to United Regional Health Care System the following morning.

---

[6]By her pleadings, Bosch alleges the acts or omissions of Milton Brownlow, C.N.P. are imputed to Dr. Collums under the doctrine of *respondeat superior.*

8

Although section 74.351(r)(6) requires that an expert report must state "the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages," the report here does not identify any improper treatment was commenced, but by implication, only suggests that Justin's condition resulted from the failure to administer the activated charcoal. Moreover, the report does not indicate that Justin's condition at the time he was returned to the hospital would have been improved had the charcoal been administered upon his second visit at the hospital. Accordingly, considering the expert report failed to discuss the causation factor as required by *Palacios*, we conclude the trial court did not abuse its discretion in sustaining the objection of Collums and Brownlow, and in granting their motions to dismiss the suit. *Palacios*, 46 S.W.3d at 875. Bosch's third and sixth issues are overruled.

## Extension of Time - Section 74.351(c)

By her seventh issue, Bosch contends the trial court erred in refusing to grant her request for a 30-day extension to cure any defects which the court found to exist. We disagree.[7]

---

[7]Having sustained Bosch's first issue, we limit our analysis to consideration of the issue as to Collums and Brownlow.

9

Bosch filed her suit on September 30, 2003, and the expert report on January 23, 2004.[8] Collums and Brownlow's objections and motions to dismiss were filed within 21 days per section 74.351(a); however, Bosch's motion for a 30-day extension of time was not filed until December 6, 2004, along with a proposed expert report by Dr. Castillo dated November 20, 2004. Oppositions to the motion for extension of time were promptly filed by Collums and Brownlow.

We recently had the opportunity to consider the application of section 74.351(c) by In re Covenant Health System, No. 07-05-0462-CV, 2006 WL 508027 (Tex.App–Amarillo March 1, 2006, no pet. h.). Section 74.351(c) provides in part that the trial court may grant one 30-day extension to the claimant to cure a deficiency in an expert report. The term "may" as used in subsection (c) vests the trial court with discretion to grant a 30-day extension. *See* Tex. Gov't Code Ann. § 311.016(1) (Vernon 2005); Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex.App.–Texarkana 2005, no pet.).

We review the decision of the trial court in granting or denying a motion for an extension of time under section 74.351(c) by an abuse of discretion standard as noted above. By her brief, Bosch does not make any reference to any relevant evidence before the trial court. Based on the record before us, and considering that the request for an extension of time was not filed until some nine months after the expert report was filed, we conclude the denial of the extension was not arbitrary, unreasonable, or without reference

---

[8]As noted above, the report stated that it was a preliminary report.

to any guiding rules or principles.  *Downer*, 701 S.W.2d at 241-42.  Accordingly, Bosch's seventh issue is overruled.

Our disposition of issues two, three, six, and seven pretermits our consideration of issues two, four, and five.  Accordingly, having sustained Bosch's first issue, the judgment of the trial court dismissing the case and awarding Aulds attorney's fees is reversed and the cause is remanded to the trial court for further proceedings; otherwise, as to Collums and Brownlow, the judgment is affirmed in all respects.

Don H. Reavis
Justice

11