IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00236-CV

 

Dr. Steven Leon Gates, D.O. and/or 

Dr. Steven Leon Gates, D.O., P.A.,

                                                                                    Appellants

 v.

 

Jack Thomas Altaras,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200800182

 



MEMORANDUM  Opinion










 

            Appellants Dr. Steven Leon Gates, D.O. and/or Dr.
Steven Leon Gates, D.O., P.A.. (Gates) appeal the denial of Gates’s objections
to an amended expert report and motion to dismiss.  Because the trial court
erred in finding the amended expert report to be sufficient, we reverse and
remand the case for further proceedings.  

Background

            Jack Altaras went to see his dentist
because he had pain in his right jaw.  He was told he needed his wisdom teeth
removed.  Five days later, Altaras visited Gates because he had a cough, a
fever, heaviness in his chest, and pain in his right jaw.  A chest x-ray was
taken and Altaras was given antibiotics.  Four days later, Altaras went to the
hospital with shortness of breath.  He was having a heart attack and bypass
surgery was performed.

            Altaras sued Gates for negligence. 
Within 120 days, Altaras presented an expert report in the form of an affidavit
from Dr. Bernard A. McGowen.  Gates filed objections to the report and a motion
to dismiss.  Both were denied and Gates appealed.  See 10-08-00239-CV.  A few weeks prior to oral argument in the appeal, Gates and Altaras
reached an agreement where Altaras would submit a supplemental report within 45
days and Gates would dismiss his appeal.  After the supplemental report was
presented, Gates again filed, in one document, objections and a motion to
dismiss.  The trial court again denied relief.  Gates appealed.

Applicable Law

            Section 74.351 of the Civil Practices
and Remedies Code provides that within 120 days of filing a health care
liability claim, a claimant must serve a curriculum vitae and one or more
expert reports regarding every defendant against whom a health care claim is
asserted.  Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a) (Vernon Supp. 2009).  “Section 74.351 has numerous
subparts, including: 

            . subpart (b) requiring trial courts
to dismiss a claim with prejudice and award fees if "an expert report has
not been served" by the statutory deadline; 

            . subpart (c) allowing a 30-day
extension of the deadline if a report is found inadequate; and

            . subpart (l) providing that a motion
challenging a report's adequacy should be granted only if the report does not
represent a good-faith effort to comply with the statute.”  Lewis v.
Funderburk, 253 S.W.3d 204, 207 (Tex. 2008) (footnotes omitted); Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b), (c), (l) (Vernon Supp. 2009).

            When considering a motion to dismiss
under Section 74.351, the issue for the trial court is whether the report
represents a good-faith effort to comply with the statutory definition of an
expert report.  See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002); American Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  An "expert report"
means:

A written report by an expert that provides a fair
summary of the expert's opinions as of the date of the report regarding the
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards and the causal
relationship between that failure and the injury, harm, or damages claimed.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(r)(6) (Vernon
Supp. 2009).  To constitute a "good-faith effort," the report must
discuss the standard of care, breach, and causation with sufficient specificity
to fulfill two purposes: (1) to inform the defendant of the specific conduct
the plaintiff has called into question; and (2) to provide a basis for the
trial court to conclude that the claims have merit.  Bowie, 79 S.W.3d at
52; Palacios, 46 S.W.3d at 879.  

            The report must include the expert's
opinion on each of the three elements that the statute identifies: standard of
care, breach, and causal relationship.  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.  A report cannot merely state the expert's conclusions about
these elements.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at
879.  "Rather, the expert must explain the basis of his statements to link
his conclusions to the facts."  Earle v. Ratliff, 998 S.W.2d 882,
890 (Tex. 1999).  

            We review a trial court's denial of a
motion to dismiss under section 74.351 for abuse of discretion.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 875.  

Sufficiency of the Report

            In his first issue, Gates contends the
trial court erred in finding the expert report to be sufficient.  McGowen
stated in his affidavit that Altaras “presented” to his dentist on February 15, 2006 complaining of right jaw pain.  Altaras was told that his wisdom teeth
needed to be extracted.  McGowen stated that on February 20, 2006, Altaras “presented” to Gates complaining of a cough, fever, heaviness in the chest, and
right jaw pain.  Altaras was treated with antibiotics.  A chest x-ray was taken
which revealed “Bilateral Perihilar Infiltrates.”  This term was not defined in
McGowen’s report.  McGowen further stated that on February 24, 2006, Altaras “presented” to the hospital complaining of shortness of breath and right jaw pain.  Altaras
was diagnosed with an “acute inferior myocardial infarction.”  

            McGowen stated many times that he was
familiar with the standard of care regarding patients such as Altaras.  When
reciting the standard in paragraph 18 of his affidavit, McGowen stated that the
standard of care required Gates to properly diagnose the cardiac disease, refer
Altaras to a cardiologist and order appropriate tests, including a stress
test.  McGowen opined that Gates’s failure to perform any of these steps fell
below the standard of care.  McGowen concluded that Gates’s deviation from the
standard of care resulted in “the episode of cardiogenic shock.  Proximate
cause of his physical impairment including partial blindness in both eyes.
[sic].”  McGowen further concluded that deviations from the standard of care
caused Altaras extensive damages and unnecessary mental pain and suffering and
would result in needless and unnecessary treatment and billing which would not
have been required but for the breaches.  

            Assuming without deciding that McGowen
even properly stated a standard of care and breach of that standard, McGowen
wholly fails to explain the causal relationship between Gates’s failures and
the injury, harm, or damages claimed by Altaras.  McGowen must explain the
basis of his statements to link his conclusions to the facts.  He did not. 
After reading the affidavit, we are at a loss to understand how Gates’s alleged
failure to diagnose cardiac disease, refer Altaras to a cardiologist, and order
“appropriate” tests, resulted four days later in cardiogenic shock, physical
impairment including partial blindness in each eye, unspecified damages, and
unspecified unnecessary mental pain and suffering.  Further, the affidavit does
not provide an explanation as to how complying with the non-specific standard
of care would have prevented the injuries.  Thus, the affidavit does not meet
the requirements of an expert report.

            Accordingly, the trial court erred in
finding the expert report to be sufficient and Gates’s first issue is
sustained.

Remedy?

            Gates argues that because the report
was insufficient and because Altaras had already had one extension, the trial
court was required to dismiss Altaras’s case.  Section 74.351(c) provides that
if an expert report has not been served within the 120-day time period
specified by subsection (a) because elements of the report are found deficient,
the trial court may grant one 30-day extension to the claimant to cure a
deficiency in an expert report.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(c) (Vernon Supp. 2009).  The
term "may" as used in subsection (c) vests the trial court with
discretion to grant a 30-day extension.  Bosch v. Wilbarger Gen. Hosp.,
223 S.W.3d 460, 465 (Tex. App.—Amarillo 2006, pet denied); Hardy v. Marsh,
170 S.W.3d 865, 870-71 (Tex. App.—Texarkana 2005, no pet.).  But Altaras argues
that the trial court never granted him a previous 30-day extension.

            To resolve this dispute, we must look
at what happened in this case prior to the events giving rise to this appeal. 
In 2008, Gates objected to Altaras’s first expert report and filed a motion to
dismiss.  The trial court found the report to be sufficient and denied Gates’s
motion to dismiss.  Gates appealed the trial court’s ruling.  Just prior to
oral argument in that appeal, Gates and Altaras reached an agreement which was
placed on the record and was made a part of this appeal.  The entire
“agreement” is as follows.

Counsel for Altaras:  …The Defendant will give the
Plaintiff 45 days to supplement their report.  In exchange, the Defendant will
drop their case in the Court of Appeals, and that’s pretty much it.

 

Counsel for Gates:   I guess the purpose of the
extension is to cure the deficiencies we’ve pointed out.

 

Counsel for Altaras:  Cure the deficiencies
they’ve pointed out, and that way we will not have to go down to the Court of
Appeals again.

 

Counsel for Gates:   If necessary, if we still
think it’s insufficient, we’ll come back and see Judge Bosworth.

 

Counsel for Altaras:  That’s true.

 

Court:  So this has resolved your conflict at the
Court of Appeals with the interlocutory appeal?

 

Counsel for Gates:   Yes, Your Honor.

 

Court:  And you’ve resolved how to handle this
expert report; is that correct?

 

Counsel for Altaras:  That’s correct.  And you
will dismiss your – your appeal.

 

Counsel for Gates:   Right.  I’ll go do that….

 

Court:  Okay.  Thank you.

 

            Although not the most artfully worded,
it is clear that Altaras agreed the report was deficient and that to avoid an
adverse decision by this Court on appeal, Altaras would supplement the report
within 45 days.  Gates, in turn, would not oppose the extension and would
dismiss his interlocutory appeal.  However, the Texas Supreme Court has held
that the plain language of subsection (c) provides for an extension to cure
when elements of a report have been found deficient.  Leland v.
Brandal, 257 S.W.3d 204, 208 (Tex. 2008) (emphasis in opinion).  Elements
have only now been found to be deficient.  Therefore, we must remand
this appeal to the trial court for consideration of a 30-day extension pursuant
to subsection (c).[1]  See
id. at 207.  

Remaining Issues

            In his second issue, Gates argues that
the trial court erred in finding that the expert was qualified to render an
opinion on causation.[2] 
Because of our disposition of the first issue, we need not discuss Gates’s
second issue.  Further, as to Gates’s third issue, because the affidavit is
deficient as to Gates, it is deficient as to Gates, P.A. as well; and at this
juncture, we need not determine whether the affidavit is the equivalent of no
report as to Gates, P.A.

Conclusion

            Having determined that the expert
report is deficient, we reverse the trial court’s order and remand the case to
the trial court for further proceedings consistent with this opinion.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Reversed
and remanded

Opinion
delivered and filed March 10, 2010

[CV06]









[1] This
may appear counterintuitive to the purpose of the statute which is to "reduce
excessive frequency and severity of health care liability claims,” Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), 2003 Tex. Gen. Laws 847, 884, and
is a disincentive for parties to resolve problems with expert reports by
agreement and without court intervention.  We are bound, however, by the
holding of the Texas Supreme Court.

 





[2]
Having found one deficiency that requires a remand, we do not believe it is
necessary to identify every deficiency in the report.  Having been placed on
notice of the argued deficiencies, Altaras would presumably take such
precautions as may be necessary to avoid another determination of a deficiency
after which there would be no opportunity to cure.