

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00155-CV

ANA MARIA GONZALEZ SALAIS,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
RUBEN GONZALEZ, DECEASED,

                                                        Appellant

 v.

TEXAS DEPARTMENT OF AGING &
DISABILITY SERVICES,

                                                        Appellee

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 28901A

## DISSENTING OPINION

Ana Maria Gonzalez Salais appeals the trial court's judgment dismissing her health care liability claim against the Texas Department of Aging and Disability Services. Because the trial court did not abuse its discretion in granting TDADS's motion to dismiss or in denying Salais's request for a 30-day extension, we should affirm the trial court's judgment. Because the Court does not, I respectfully dissent.

## BACKGROUND

Salais's son, Ruben Gonzalez, was a patient at a TDADS facility, the Mexia State School. After an altercation with the State School staff, Gonzalez was placed on a restraint board. He then died. Salais sued both TDADS and the Mexia State School. The trial court granted TDADS's motion to dismiss.

In two issues on appeal, Salais argues that the trial court erred in granting TDADS's motion to dismiss pursuant to section 74.351 of the Texas Civil Practice and Remedies Code and erred in denying Salais's request for a 30-day extension pursuant to section 74.351(c) of the Texas Civil Practice and Remedies Code.

## DISMISSAL

Section 74.351 of the Civil Practices and Remedies Code provides that within 120 days of filing, a claimant must serve a curriculum vitae and one or more expert reports regarding every defendant against whom a health care claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). "Section 74.351 has numerous subparts, including:

. subpart (b) requiring trial courts to dismiss a claim with prejudice and award fees if "an expert report has not been served" by the statutory deadline;

. subpart (c) allowing a 30-day extension of the deadline if a report is found inadequate; and

. subpart (l) providing that a motion challenging a report's adequacy should be granted only if the report does not represent a good-faith effort to comply with the

statute." *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008) (footnotes omitted); TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b), (c), (l) (Vernon Supp. 2009).

When considering a motion to dismiss under section 74.351, the issue for the trial court is whether the report represents a good-faith effort to comply with the statutory definition of an expert report. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). An "expert report" means:

> A written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (Vernon Supp. 2009). To constitute a "good-faith effort," the report must discuss the standard of care, breach, and causation with sufficient specificity to fulfill two purposes: (1) to inform the defendant of the specific conduct the plaintiff has called into question; and (2) to provide a basis for the trial court to conclude that the claims have merit. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 879.

The report must include the expert's opinion on each of the three elements that the statute identifies: standard of care, breach, and causal relationship. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. A report cannot merely state the expert's conclusions about these elements. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 879. "Rather, the expert must explain the basis of his statements to link his conclusions to the facts." *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999).

We review a trial court's order dismissing a claim for failure to comply with the expert report requirements under an abuse-of-discretion standard. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. Expert reports that omit at least one of the three specifically enumerated requirements of an expert report cannot constitute a good faith effort to meet the statutory requirements. *See Jernigan v. Langley*, 195 S.W.3d 91, 94 (Tex. 2006); *Palacios*, 46 S.W.3d at 879.

Salais provided two reports to serve as her expert report. One report was prepared by James Wohlers, a paramedic from Nebraska, which Salais alleged addressed the expert report elements of the standard of care and the breach of that standard. The other report was prepared by Donald Winston, a physician from Houston. Salais alleged Dr. Winston's report addressed the causation element. TDADS complains, and I agree, that Dr. Winston's report wholly fails to address the causation element.

Assuming without deciding that Dr. Winston is otherwise qualified to render an opinion on causation, he does not. Dr. Winston states in his report that he reviewed the autopsy report of Ruben Gonzalez and the death certificate. Then, he simply states that, although he disagrees with the nine pathologists on whether Gonzalez was in part responsible for his own death, he agrees with them in their conclusion that it was homicide caused by restraint and mechanical asphyxiation "imposed on him by the three Mexia State School employees."

What Dr. Winston fails to do is draw the connection or explain the causal link between the negligent actions of a specific health care provider (the elements of

standard of care and breach as described by Wohlers, the other purported expert) and the damages/injury (Gonzalez's death).  In other words, his report on causation must make the connection that the death by mechanical asphyxiation was caused by the conduct described by Wohlers, assuming that was adequately presented in the other expert report.  *See Bowie*, 79 S.W.3d at 53.  Because Dr. Winston did not indicate he had reviewed the other purported expert's report, this required connection is simply missing.  Further, it is impermissible to infer that the conduct referenced in one report is the basis for the conclusions in the other report.  *See Austin Heart, P.A. v. Webb*, 228 S.W.3d 276, 279 (Tex. App.—Austin 2007, no pet.).

Dr. Winston's report is similar to an expert report discussed in *Shaw v. B.M.W. Healthcare, Inc.*, 100 S.W.3d 8 (Tex. App.—Tyler 2002, pet. denied).  In *Shaw*, the Shaws filed two expert reports to address the three elements, one from a physician and one from a registered nurse.  The Shaws agreed that the physician's report did not set out the applicable standards of care or address how the defendants breached any standards. They argued, however, that those omissions were irrelevant because the physician only rendered an opinion on the cause of death.  Citing to *Palacios*, the Tyler Court of Appeals held that because there was no discussion in the report as to the applicable standard of care and any breaches of that standard, an opinion solely addressing the cause of death did not satisfy the statutory requirements of an expert report.  *Shaw*, 100 S.W.3d at 13 (citing *Palacios*, 46 S.W.3d at 879).  Like the report in *Shaw*, Dr. Winston's report only addressed Gonzalez's cause of death without a link between the alleged breach and the injury.  Accordingly, I would hold that Dr. Winston's report does not

meet the requirement of an expert report because there is nothing in the report that addresses the causal connection between the breach by the Mexia State School employees of the standard of care as allegedly contained in Wohlers's report and the injury, the death of Gonzalez, claimed. The causation element has been omitted from the report.

Because Salais's expert reports omit at least one of the three specifically enumerated requirements of subsection (r)(6), they cannot constitute a good faith effort to meet those requirements. I need not decide TDADS's objections to Wohlers's report. Accordingly, because the trial court did not abuse its discretion in granting TDADS's motion to dismiss Salais's suit against TDADS, Salais's first issue should be overruled.

## CONTINUANCE

Salais further argues that should we determine the reports were deficient, we should remand the matter back to the trial court for a 30-day extension. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (Vernon Supp. 2009). The parties agree and the trial court's docket sheet indicates that a request for a 30-day extension was denied. Section 74.351(c) provides in part that the trial court may grant one 30-day extension to the claimant to cure a deficiency in an expert report. *Id.* The term "may" as used in subsection (c) vests the trial court with discretion to grant a 30-day extension. *Bosch v. Wilbarger Gen. Hosp.*, 223 S.W.3d 460, 465 (Tex. App.—Amarillo 2006, pet denied); *Hardy v. Marsh*, 170 S.W.3d 865, 870-71 (Tex. App.—Texarkana 2005, no pet.).

I assume without deciding that once the trial court determines that the report furnished did not constitute a good faith effort to meet the requirements of an expert

report, the trial court can, nevertheless, grant a 30-day extension to cure the deficiency. To grant such an extension, the trial court would have to consider the totality of the circumstances surrounding the preparation of the report, such as the difficulty, if any, encountered by the plaintiff in obtaining the necessary experts or in getting the medical records necessary for the expert to review, the diligence of the plaintiff in securing an expert on the specific type of healthcare liability claim, whether a 30-day extension would have allowed the plaintiff to cure the defect, and the extent of the deficiency in the proffered report. This list of considerations is by no means exhaustive.

But in this case, we have not been provided any record from which we could review the trial court's determination. Because we have no record to review, Salais is unable to support the complaint that the trial court abused its discretion in failing to grant a 30-day extension. *See In the Interest of D.W.*, 249 S.W.3d 625, 648 (Tex. App.—Fort Worth 2008, no pet.) (because no record of hearing on motion to extend dismissal deadline, court presumes evidence supported trial court's ruling and no abuse of discretion shown).

Salais's second issue should be overruled.

## Conclusion

Having overruled each issue, I would affirm the interlocutory order of dismissal of the trial court. Because the Court does not, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 4, 2010