

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-11-00446-CV**

ANA MARIA GONZALEZ SALAIS, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE OF
RUBEN GONZALEZ, DECEASED,

                                        **Appellant**

 **v.**

MEXIA STATE SCHOOL, TEXAS DEPARTMENT OF
AGING & DISABILITY SERVICES AND HUMANE
RESTRAINT, INC.,

                                        **Appellees**

---

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 28901A**

---

## DISSENTING OPINION

---

There are large portions of the Court's opinion with which I agree. In this case,

everyone, now including Salais, agrees that the expert report which was provided was

deficient. However, I believe that this appeal cannot be determined without analyzing

and resolving the next two questions in the continuing development of the law with

regard to an extension of time to cure deficiencies in an expert affidavit for a health care

liability claim. First, who has the burden of going forward? Second, what must be shown or proven at a hearing on a motion for a 30-day extension in which to amend the expert report?

The trial court had been presented with a motion for a 30-day extension of time in which to cure the deficient report. This Court previously held that a docket entry expressly stating that the motion was denied, although joined with a judgment that denied all other relief requested by Salais and dismissed the claims as to that defendant, was inadequate to establish that the trial court had considered and ruled on the motion. *Salais v. Tex. Dep't of Aging & Disability Servs.*, 323 S.W.3d 527, 537 (Tex. App.—Waco 2010, pet. denied). The proceeding was remanded and the trial court signed an order denying the motion, which is the subject of this appeal. From the record before us, it is not clear whether the trial court simply reduced the prior determination to a written order denying the motion, or whether the trial court's order was, in effect, a *de novo* ruling on the motion after another hearing after the remand.

We have no reporter's record from the first hearing at which the motion for a 30-day extension was considered. We do have a reporter's record from the hearing to consider the motion for a 30-day extension after the remand; however, no evidence was presented at that hearing. Counsel for Salais simply presented argument that the deficiencies in the report could be cured.

Although this Court has repeated in its opinion many of the Texas Supreme Court's recent statements about the consideration to be given by the trial court in determining whether to ultimately grant or deny a 30-day extension after filing a deficient report, I believe we must first determine who has the burden of proving what at the hearing on the motion. I believe that because it is the plaintiff's motion, the plaintiff has the burden of establishing the basis for granting the motion. The failure to do so must fall on the plaintiff.

We should next determine what must be shown at the hearing. From the recent statements of the Texas Supreme Court in the majority's opinion, it is clear that there are two things that must be shown. First, it must be shown that the deficiency in the expert report can be cured. Second, it must be shown that the cure can be completed in thirty days. In my review of the record before us, I find no evidence to show that the deficiencies can be cured, and if so, that they can be cured within thirty days.

In its review and judgment, this Court has done what it appears the Texas Supreme Court wants the *trial court* to do. Our responsibility, however, is to determine whether or not the trial court abused its discretion in its decision to deny the motion. *Bosch v. Wilbarger Gen. Hosp.*, 223 S.W.3d 460, 465 (Tex. App.—Amarillo 2006, pet denied); *Hardy v. Marsh*, 170 S.W.3d 865, 870-71 (Tex. App.—Texarkana 2005, no pet.). *See Ogletree v. Matthews*, 262 S.W.3d 316, 320-21 (Tex. 2007). On the record before us, a determination that the trial court has abused its discretion in denying the motion means

that the simple representation from counsel that the report can be cured in 30 days is all that is necessary to obtain the 30-day extension. This seems to be an automatic 30-day extension based upon that representation when the report is found deficient. I do not believe that this is what the statute requires, and I cannot agree to go that far unless and until the Texas Supreme Court holds that, in circumstances such as this, the trial court has no discretion and must grant an extension.

On the record of the proceedings in front of this trial court, I cannot conclude that the trial court abused its discretion in denying the motion because Salais, as the movant, did nothing to establish how the report could be cured. Indeed, years have passed since the trial court and this Court first reviewed these issues and nothing was presented to the trial court at the most recent hearing to show that any attempts had been made to fix the deficiencies in the report, that they could be fixed, or that to do so could be accomplished in 30 days. Had such a showing been made, the trial court's decision might be different.

The record before us shows the trial court's marked frustration with the lack of clear guideposts of where the boundaries of the trial court's discretion are in these determinations. The record also shows a very concerted effort to make the proper ruling without those clear guideposts.

I respectfully dissent to this Court's determination that the trial court abused its discretion by denying the motion for a 30-day extension in which to file an expert

report.  To hold otherwise on this record is nothing short of an automatic extension if a motion for extension is filed.


TOM GRAY
Chief Justice

Dissenting Opinion issued and filed June 6, 2013